

DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey  07078-2704
www.dlapiper.com

Andrew O. Bunn
andrew.bunn@dlapiper.com
T  973.520.2562
F  973.520.2582

*Partners Responsible for Short Hills Office:*
*Andrew P. Gilbert*
*Michael E. Helmer*

November 17, 2016

OUR FILE NO. 309860-000009

*Via ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re:  In re: SunEdison, Inc. ERISA Litigation**
  **Misc. No. 1:16-mc-2744-PKC**
  **Case No. 1:16-md-02742-PKC (MDL No. 2742)**

Dear Judge Castel:

We represent Defendant State Street Bank and Trust Company ("State Street") in *In re: SunEdison, Inc. ERISA Litigation*, Misc. No. 1:16-mc-2744-PKC.  We submit this letter pursuant to paragraph 9 of Your Honor's Order dated October 26, 2016.  Dkt. No. 16.

- **a.  An identification of all parties represented by the counsel submitting the letter.**

We represent Defendant State Street, one of the SunEdison, Inc. ERISA Defendants.

- **b.  In the case of a plaintiff's counsel, a listing of all parties served and all parties who remain to be served.**

Not applicable.

- **c.  In the case of plaintiff's counsel, a brief statement of the nature of the action, and in the case of a defendant's counsel, the principal defenses thereto.**

As explained below in section d, there has not been an operative consolidated complaint filed in this matter.  While it is therefore difficult for State Street to identify all of its defenses, State Street anticipates asserting the following two principal defenses:

- State Street is not a proper party in this case because it was not the trustee of the SunEdison Stock Fund (the "Stock Fund"), the only fund at issue in this case, and therefore cannot be held liable to Plaintiffs under the theory advanced in the *Usenko* complaint.[1]  SunEdison expressly carved the Stock Fund out of State Street's role as trustee of the SunEdison Retirement Savings Plan.

---

[1] The ERISA actions were consolidated into the *Usenko* action before the cases were transferred to this Court by the Judicial Panel on Multidistrict Litigation.  *See* Note 2 below.



The Honorable P. Kevin Castel
November 17, 2016
Page Two

- State Street does not believe that Plaintiffs' underlying complaints and any consolidated complaint will be able to sufficiently allege claims against State Street as required by the standards set forth by the United States Supreme Court in *Fifth Third Bancorp. v. Dudenhoeffer*, 134 S. Ct. 2460 (2014).

**d. A statement of all existing deadlines, due dates, and/or cut-off dates.**

This consolidated class action was originally filed in the United States District Court for the Eastern District of Missouri.[2] On April 26, 2016, the Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri, entered an order in the *Usenko* action administratively closing the case in light of SunEdison's notice of bankruptcy, which effectively resulted in a stay of the action. *See* No. 4:16-cv-76, Dkt. No. 52. Accordingly, there are no court-ordered deadlines.

State Street agrees with Plaintiffs' proposed schedule set forth in the joint letter submitted by Sidley Austin LLP on behalf of various other Defendants, for Plaintiffs to file a consolidated complaint within thirty days after the Court enters an order appointing Interim Lead Counsel, after which Defendants would have thirty days to file any pre-motion letters, to which Plaintiffs would respond within fourteen days.

However, it is State Street's hope and expectation that it will not be named as a defendant in the consolidated complaint, and that its participation in this matter will thus come to an end.

**e. A brief description of any outstanding motions.**

Two motions to appoint interim lead and liaison counsel were filed and fully briefed in the Eastern District of Missouri before the case was administratively closed. *See* No. 4:16-cv-76, Dkt. Nos. 36, 37, 42, 43, 45, 47. State Street took no position on either motion. It is State Street's understanding that Plaintiffs have reached a consensual leadership structure with counsel for Plaintiff Usenko acting as Interim Lead Counsel, and counsel for Plaintiffs Dull and Wheeler serving as an Executive Committee.

**f. A brief description of any discovery that has already taken place.**

It is State Street's understanding that Sidley Austin LLP, counsel for Defendant SunEdison and other Plan fiduciaries, provided certain documents to counsel for Plaintiff Wheeler upon request pursuant to Section 104(b) of ERISA. *See Usenko* action, No. 4:16-76, Dkt. No. 47-1. Counsel for SunEdison explained that the documents show that State Street was not trustee to the Stock Fund, and urged Plaintiffs to leave State Street out of any consolidated amended complaint. *Id.*

There has not been any exchange of discovery pursuant to the Federal Rules of Civil Procedure.

---

[2] On January 20, 2016, Plaintiff Alexander Usenko filed this case alleging the Defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"). *See Usenko, et. al, v. SunEdison, Inc., et al.* ("*Usenko* action"), No. 4:16-cv-76, Dkt. No. 1. Three other class actions were filed after the *Usenko* action: *Dull v. SunEdison, Inc., et al.*, No. 4:16-cv-173, *Linton v. SunEdison, Inc., et al.*, No. 4:16-cv-199, and *Wheeler v. SunEdison, Inc., et al.*, No. 4:16-cv-226. On March 8, 2016, the Court consolidated the *Dull*, *Linton*, and *Wheeler* actions with the *Usenko* action. No. 4:16-cv-76, Dkt. No. 8.



The Honorable P. Kevin Castel
November 17, 2016
Page Three

    **g.  A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.**

None to the best of State Street's knowledge.

    **h.  Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

Should State Street be named as a defendant in the consolidated complaint, it anticipates seeking permission to file a motion to dismiss based on the principal defenses described above in section c. State Street believes that such a motion may resolve the claims asserted against it. State Street joins the proposed schedule for filing pre-motion letters as set forth above in section d.

We look forward to addressing these issues with Your Honor at the initial conference on December 19, 2016.

Respectfully,


/s/ Andrew O. Bunn
Andrew O. Bunn
DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey  07078-2704
Phone:  (973) 520-2562
Fax:  (973) 520-2582


cc:     All Counsel (via ECF)