**Robbins Geller**
**Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
|---|---|---|---|---|
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Dennis J. Herman
dennish@rgrdlaw.com

November 17, 2016

<u>VIA ECF</u>

Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

>    Re:    *In re SunEdison, Inc. Sec. Litig.*, No. 16-md-02742-PKC

Dear Judge Castel:

We write in response to your Order dated October 26, 2016 (Dkt. No. 16 in the above-referenced action).  As detailed in our response to ¶9(a) below, we represent the plaintiffs in Case Nos. 1:16-cv-08006-PCK ("*Cobalt*"), 1:16-cv-0832-PKC ("*Glenview*"), 1:16-cv-07428-PKC ("*Omega*"), 1:16-cv-08202-PKC ("*Kingdon*"), 1:16-cv-07995-PKC ("*Oklahoma*") and 1:16-cv-08204-PKC ("*VMT II*") (collectively herein, the "Actions").  We write as directed to respond to the matters described in paragraphs 6 and 9 of your Order with respect to those cases.

**Paragraph 6**:  Plaintiffs in the *Kingdon*, *Oklahoma* and *VMT II* actions agree to stay the time for defendants to answer or move until 30 days after the Court rules on a motion to dismiss the Consolidated Class Action Complaint ("CCAC") (or the filing of an answer by substantially all served parties), so long as doing so will not waive or otherwise impinge on their rights to: (i) amend (or seek leave to amend) their complaints if necessary to take account of disclosures and events that have occurred since those complaints were filed; or (ii) respond independently to any motion to dismiss filed by defendants in their individual actions without regard to the outcome of any motion to dismiss filed in the class action cases.

Plaintiffs in the *Glenview* and *Omega* actions likewise agree to stay the time for defendants to answer or move and reserve their rights as set forth above, subject to the additional requirement that defendants agree to withdraw, without prejudice, the pending motions to dismiss that have been filed in those actions, or that the Court stay plaintiffs' obligations to respond to those motions until after any motions to dismiss the CCAC are decided (or substantially all defendants answer the CCAC).

Plaintiffs in the *Cobalt* action oppose staying the deadline for defendants to answer or move to dismiss the complaint filed in their action because a motion to dismiss has already been made in that action and is fully briefed and ready for decision.  *See* Response to ¶9(e)(1) below.  The *Cobalt* plaintiffs request that the Court hear argument on or otherwise consider that motion, including any

1204461_1

**Robbins Geller
Rudman & Dowd** LLP

Hon. P. Kevin Castel
November 17, 2016
Page 2

request for supplemental briefing directed at that motion, at the same time that it considers the anticipated motions to dismiss the CCAC.

**Paragraph 9:**

a.    <u>Representation</u>:  Robbins Geller Rudman & Dowd LLP ("RGRD") represents the plaintiffs in each of the Actions:

| Case | Parties Represented by RGRD |
|---|---|
| *Cobalt* | Cobalt KC Partners, LP, Cobalt Offshore Master Fund, LP, Cobalt Partners II, LP and Cobalt Partners, LP |
| *Glenview* | Glenview Capital Master Fund, Ltd., Glenview Capital Opportunity Fund, L.P., Glenview Capital Partners, L.P., Glenview Institutional Partners, L.P. and Glenview Offshore Opportunity Master Fund, Ltd. |
| *Omega* | Omega Capital Investors, L.P., Omega Capital Partners, L.P., Omega Equity Investors, L.P. and Omega Overseas Partners, Ltd. |
| *Kingdon* | Kingdon Associates, Kingdon Credit Master Fund, L.P., Kingdon Family Partnership, L.P. and M. Kingdon Offshore Master Fund, L.P. |
| *Oklahoma* | Oklahoma Firefighters Pension and Retirement System |
| *VMT II* | VMT II, LLC |

b.    <u>Service</u>:  All named defendants in each of the Actions have been served or have waived formal service.[1]

c.    <u>Nature of the Actions</u>:  Each of the Actions asserts claims under §§11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§77(k), 77*l*(a)(2) and 77(o), arising from the purchase of securities in one or more of the following offerings by SUNE or its subsidiary TerraForm Global, Inc. ("GLBL"): (i) the June 9, 2015, sale of GLBL Class D shares in a private contractual offering (the "GLBL Class D Offering"); (ii) the July 31, 2015 sale of GLBL unrestricted common stock in an initial public offering (the "GLBL IPO"); (iii) the July 31, 2015 sale of GLBL 9.75% bonds (the "GLBL Bond Offering"); and (iv) the August 18, 2015 sale of SUNE Series A perpetual convertible preferred stock carrying a 6.75% dividend right (the "SUNE Preferred Offering").

---

[1]    Attached hereto as Exhibit A is a chart showing when each defendant was served in each case, which may also help the Court more easily identify which of the parties have been named as defendants in which of the Actions.  All of the cases are stayed as against SunEdison, Inc. ("SUNE") due to its pending bankruptcy proceeding.  SUNE was not named as a defendant in any case initiated after its bankruptcy filing.

1204461_1

## Robbins Geller
## Rudman & Dowd LLP

Hon. P. Kevin Castel
November 17, 2016
Page 3

Some of the Actions also assert claims under §11-703 of the Maryland Securities Act and common law claims for breach of contract and negligent misrepresentation in connection with the GLBL Class D or GLBL Bond offerings. All of the claims in all of the Actions are grounded in theories of strict liability or breach of duty. None of the Actions assert fraud claims under federal or state law, or require proof of scienter or other elements of mental state. Each of the Actions asserts claims against SUNE and/or GLBL, their officers and directors, and the banks who served as underwriters or placement agents in the subject offerings. The chart below identifies the securities offerings at issue in each case, and the claims that have been asserted:

| Case | Offerings at Issue | Claims Asserted |
|---|---|---|
| *Cobalt* | SUNE Preferred | Securities Act |
| *Glenview* | SUNE Preferred | Securities Act |
| | GLBL Class D | Maryland Securities Act |
| | GLBL Bond | Breach of Contract, Negligent Misrepresentation |
| *Omega* **and** *VMT II* | SUNE Preferred | Securities Act |
| | GLBL Class D | Maryland Securities Act |
| | | Breach of Contract, Negligent Misrepresentation |
| *Kingdon* | GLBL IPO | Securities Act |
| | GLBL Class D | Maryland Securities Act |
| | | Breach of Contract, Negligent Misrepresentation |
| *Oklahoma* | GLBL IPO | Securities Act |

d.      Existing Deadlines, Due Dates and/or Cut-Off Dates:   There are no existing case management deadlines, due dates or cut-off dates in any of the Actions. The parties to *VMT II* and *Kingdon* had previously stipulated to a November 30, 2016 deadline for responding to the complaints in those actions, which was suspended by this Court's order of November 2, 2016 (Dkt. No. 18). All deadlines in the other Actions had either passed or been vacated prior to the transfer of the Actions to this proceeding.

e.      Outstanding Motions:

(1)      *Cobalt.* Motions to dismiss were filed on May 20, 2016 and have been fully briefed since July 29, 2016. *See* Dkt Nos. 42, 44-45, 55, 74, 87, 89-90.[2] The primary substantive

_____

[2]    Separate motions were filed by: (i) the corporate defendants and most of their officers and directors (Dkt. No. 42); and (ii) defendant Alejandro Hernandez (Dkt. No. 45). The underwriter defendants joined in the corporate defendants' motion (Dkt. No. 44). Hernandez subsequently withdrew jurisdictional arguments he had made for dismissal under Fed. R. Civ. P. 12(b)(2) (Dkt. No. 55). Plaintiffs submitted a consolidated opposition to the motions on July 1, 2016. (Dkt. No. 74). Defendants replied on July 29, 2016 (Dkt. Nos. 87, 89-90). The motion was originally set to be heard on

1204461_1

**Robbins Geller**
**Rudman & Dowd** LLP

Hon. P. Kevin Castel
November 17, 2016
Page 4

issue raised in the briefing is whether defendants had a duty to disclose a $169 million loan that SUNE had taken out at an effective interest rate of 15% from Goldman Sachs a week ***before*** the SUNE Preferred Offering (underwritten by Goldman and others), the proceeds of which were used to cure the breach of another SUNE borrowing agreement (also underwritten in part by Goldman) that had occurred four days earlier.  The *Cobalt* plaintiffs showed in their briefing that disclosure was required to prevent the statements contained in the SUNE Preferred Offering documents from being misleading in context, that defendants had a duty to disclose the loan under disclosure rules of the Securities and Exchange Commission ("SEC"), and that the *Cobalt* plaintiffs would not have purchased SUNE Preferred securities if the Goldman loan had been disclosed.  Defendants contend that the loan was immaterial as a matter of law, and have asserted that the truth about SUNE's financial condition was already revealed by the time of the SUNE Preferred Offering.  As explained in the *Cobalt* plaintiffs' opposition brief, defendants' contentions provide no ground for dismissal on the pleadings, and at best raise factual issues for discovery.  In their recent letter to the Court (Dkt. No. 14 in this action), defendants suggest that because the briefing on this motion was completed while the case was pending in the Northern District of California, the motion needs to be re-briefed under Second Circuit law.  While the *Cobalt* plaintiffs do not oppose supplemental briefing, they note that the briefs on file include extended analyses of the holdings in *Litwin v. Blackstone Grp, L.P.*, 634 F.3d 706 (2d Cir. 2011), *Panther Partners Inc. v. Ikanos Commcn's, Inc.*, 681 F.3d 114 (2d Cir. 2012), and *In re Facebook, Inc.*, 986 F. Supp. 2d 487 (S.D.N.Y. 2013), as applied to the *Cobalt* plaintiffs' claims, and also includes discussion of many other Second Circuit and Southern District of New York authorities.  Thus the need for supplemental briefing is limited, and can be efficiently completed in connection with or following any briefing of similar issues that may be raised in the class cases.

In addition, the *Cobalt* plaintiffs have sought interlocutory review of the Northern District of California Court's order denying their motion to remand their case to state court.  The *Cobalt* plaintiffs' petition under 28 U.S.C. §1292(b) was filed with the Ninth Circuit on September 6, 2016.  Defendants submitted a brief in opposition to the petition on September 16, 2016.  The Ninth Circuit has not yet taken any action on the petition.  This morning the Ninth Circuit issued an order requesting the parties to submit supplemental briefs by December 8, 2016 addressing the effect of the JPML transfer order on the petition for permission to appeal.

(2)     *Glenview & Omega*.  Motions to dismiss the cases brought by the *Glenview* and *Omega* plaintiffs were filed on August 12, 2016.  *See Omega* Dkt. Nos. 118, 120-121, 123, 125;

---

August 18, 2016.  The hearing was continued to October 13, 2016, and then vacated following the district court's ruling on motions to transfer and remand and its 28 U.S.C. §1292(b) certification, as described below.

1204461_1

**Robbins Geller
Rudman & Dowd** LLP

Hon. P. Kevin Castel
November 17, 2016
Page 5

*Glenview* Dkt. Nos. 129, 131, 133-134, 136.[3]  The motions raised identical arguments against the SUNE Preferred Offering claims as had been asserted in the motions to dismiss the *Cobalt* action, as described above.  The motions also sought dismissal, on other grounds, of claims arising from the GLBL Class D and GLBL Bond offerings.  The deadline for plaintiffs to respond to these motions was vacated by the Northern District of California court when it denied plaintiffs' motions to remand those actions to state court and certified its ruling for interlocutory review to the Ninth Circuit.  *Omega* Dkt. No. 134; *Glenview* Dkt. No. 145.  Proceedings in both cases were stayed following the filing of petitions for interlocutory review, which were submitted and opposed in the Ninth Circuit at the same time as the *Cobalt* petition described above.  Both petitions also remain pending and subject to the request for supplemental briefing.

> (3)     *Oklahoma*.  Plaintiff's motion to remand the *Oklahoma* case to California state court is fully briefed but has not yet been ruled upon.  *See* Dkt. Nos. 39, 59, 63.  Defendants' motion to transfer the case to this District is also fully briefed and not ruled upon, but appears to be moot in light of the JPML transfer order.  *See* Dkt. Nos. 43, 58, 64.  Both motions were set to be heard in the Northern District of California on October 6, 2016, along with similar motions made in the class cases, but the hearing on all motions was vacated following the JPML's action.

> (4)     *Kingdon & VMT II*.  There are no outstanding motions in the cases filed by the *Kingdon* and *VMT II* plaintiffs.

> f.     <u>Description of Discovery that Has Already Taken Place</u>:  As a result of the early removal of the cases from California state court and, thereafter, the discovery stay imposed by the Private Securities Litigation Reform Act of 1995, no discovery has taken place in any of the Actions.

> g.     <u>Prior Settlement Discussions</u>:  No substantive settlement discussions have taken place in any of the Actions.  In connection with the *Cobalt*, *Glenview* and *Omega* actions, counsel met and conferred regarding options for early settlement and alternative dispute resolution, as required by the Local Rules of the Northern District of California.  During those discussions, counsel agreed that the posture of the cases did not then lend itself to productive settlement discussions, but agreed to revisit the issue following rulings on the pending or anticipated motions to dismiss.  Counsel further agreed that, based on the nature of the claims asserted and the amounts in controversy, productive settlement discussions would likely require the involvement of a private mediator experienced in the resolution of claims under the federal securities laws.

---

[3]     Again, separate motions were filed by separate groups of defendants, most of whom attempted to join in or incorporate by reference the arguments made by their co-defendants.

1204461_1

**Robbins Geller
Rudman & Dowd** LLP

Hon. P. Kevin Castel
November 17, 2016
Page 6

       h.      Other Information:  In considering the management of the actions in the MDL proceeding, the Court should take into account the following considerations with respect to the claims arising from the SUNE Preferred Offering. Those claims were first brought in the *Cobalt*, *Glenview* and *Omega* actions, which were initiated in California state court on March 28, 29, and 30, 2016. The losses suffered by the plaintiffs in those actions, both individually and collectively, far exceed those allegedly suffered by the putative representatives asserting class-based claims arising from that offering, all of which were commenced well after the claims were first raised in the *Cobalt, Glenview* and *Omega* actions.[4] The *Cobalt*, *Glenview* and *Omega* plaintiffs collectively purchased more than 100,000 SUNE Preferred shares for more than $100 million. By contrast, the federal class plaintiffs purchased 840 SUNE Preferred shares for $840,000, and the *Bloom* plaintiffs purchased 100 shares for $83,613. While the *Cobalt*, *Glenview* and *Omega* plaintiffs do not seek to represent a class of SUNE Preferred purchasers (or any other class), they do object to any procedure that would permit the class plaintiffs to manage the SUNE Preferred Offering claims in a manner that could potentially determine or prejudice the outcome of the claims asserted by *Cobalt*, *Glenview* or *Omega*.

       Thank you for providing us with this opportunity to share our thoughts regarding the efficient management of this proceeding. We look forward to appearing before you at the case management hearing on December 19, 2016.

                        Sincerely,

                        DENNIS J. HERMAN

DJH:mm
Attachment

cc:     All Counsel of Record (via ECF)

---

[4]   The federal class action plaintiffs did not assert claims under the SUNE Preferred Offering – or any other claims arising under the Securities Act – until June 22, 2016, months after the *Cobalt, Glenview* and *Omega* plaintiffs brought their claims. Because the federally-appointed lead plaintiff lacks standing to assert claims under the SUNE Preferred Offering, the consolidated federal complaint added an ***additional*** named plaintiff, the Arkansas Teacher Retirement System, as the unappointed putative representative for SUNE Preferred Offering purchasers. And, while the *Bloom I* action (Case No. 1:16-cv-07427-PKC), was filed on April 4, 2016, it drew its allegations substantially from those asserted by the individual plaintiffs, and named only SUNE and its officers as defendants. It was not until August 11, 2016, that the *Bloom* plaintiffs brought suit against the eight banks who had served as underwriters in the offering, all of whom had previously been named as defendants in the individual actions.