

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>555 CALIFORNIA STREET<br>SUITE 2000<br>SAN FRANCISCO, CA 94104<br>+1 415 772 1200<br>+1 415 772 7400 FAX | BEIJING     HONG KONG     SAN FRANCISCO<br>BOSTON     HOUSTON     SHANGHAI<br>BRUSSELS     LONDON     SINGAPORE<br>CENTURY CITY     LOS ANGELES     SYDNEY<br>CHICAGO     MUNICH     TOKYO<br>DALLAS     NEW YORK     WASHINGTON, D.C.<br>GENEVA     PALO ALTO<br><br>FOUNDED 1866 |

November 17, 2016

**Via ECF**

Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

        Re: <u>In re: SunEdison, Inc., Securities Litigation (No. 1:16-md-02742-PKC)</u>

Dear Judge Castel:

      We write on behalf of Defendants[1] in response to the Court's October 26, 2016 Order (the "Order"). Defendants substantially addressed many of the issues the Court identified in the Order in their October 26, 2016 letter (Docket No. [14]), which provided a summary status report on the actions that were transferred to this Court pursuant to the October 4, 2016 Transfer Order of the U.S. Judicial Panel on Multidistrict Litigation ("JPML") and the October 13, 2016 JPML Final Conditional Transfer Order, and which the Court so-ordered on November 1, 2016.[2] Defendants supplement their prior submission below with the additional information requested in the Order.

---

[1] Defendants and signatories to this submission are: SunEdison, Inc. Investment Committee, TerraForm Global, Inc., TerraForm Global LLC, and TerraForm Power, Inc.; individuals Antonio R. Alvarez, Jeremy Avenier, Peter Blackmore, Ahmad Chatila, Clayton C. Daley, Jr., Alejandro Hernandez, Emmanuel Hernandez, Matthew Herzberg, Georganne C. Proctor, Steven V. Tesoriere, Martin Truong, James B. Williams, Brian Wuebbels, Carlos Domenech Zornoza, and Randy H. Zwirn (the "Individual Defendants"); underwriters Barclays Capital Inc., BTG Pactual US Capital LLC, Citigroup Global Markets Inc., Credit Agricole CIB, Credit Suisse, Deutsche Bank Securities Inc., Goldman, Sachs, & Co., Itaú BBA USA Securities, Inc., J.P. Morgan Securities LLC, Kotak Mahindra, Inc., Macquarie Capital (USA), Inc., MCS Capital Markets LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, Morgan Stanley & Co. LLC, Santander, SG Americas Securities, LLC, and SMBC Nikko Securities America, Inc., (the "Underwriter Defendants"). Counsel for these defendants is identified in the signature blocks below. Although many of the actions name SunEdison as a defendant, those cases are all stayed as to SunEdison, pursuant to the automatic stay that went into effect when SunEdison filed a voluntary petition for Chapter 11 bankruptcy on April 21, 2016. We understand that KPMG and State Street will each be submitting separate letters.

[2] Specifically, Items 9(c) through (e) in the Order have already been addressed in whole or part.

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.



Hon. P. Kevin Castel
November 17, 2016
Page 2

## OTHER RELEVANT INFORMATION – RECENT EVENTS IN THE SUNEDISON BANKRUPTCY

On November 2, 2016, the Official Committee of Unsecured Creditors ("UCC") in the SunEdison bankruptcy proceeding filed an adversary complaint against all plaintiffs in all of the cases pending before this Court ("UCC Complaint").  *See* Attachment A, hereto. The UCC Complaint seeks declaratory relief in the form of an order declaring that SunEdison has a property interest in the D&O Policies.  These are the same D&O Policies that are and will be looked to in the cases proceeding before this Court, both for defense costs and payment of any settlement or judgment.[3]  The UCC complaint also seeks to enforce the automatic stay under section 362 or, in the alternative, section 105 of the Bankruptcy Code with respect to pending litigation against certain current and former directors and officers of SunEdison.

Also on November 2, 2016, the UCC filed a companion Motion for (I) a Declaration and (II) Enforcement of Automatic Stay Against Litigation Involving Certain Current and Former Directors and Officers of Debtors ("Stay Motion").  *See* Attachment B hereto.  The deadline to oppose the Stay Motion is November 29, 2016, and the hearing is December 6, 2016.

On November 4, 2016, the UCC filed a Motion for (I) Leave, Standing and Authority to Commence and Prosecute Certain Claims and Causes of Action on Behalf of the Debtors' Estates and (II) Settlement Authority. ("Stranding Motion")  *See* Attachment C hereto.  The deadline to oppose the Standing Motion is November 29, 2016, and the hearing is December 6, 2016.

Finally on November 7, 2016, the UCC filed a motion for standing to bring claims against the yieldcos – TERP and Global.

The motions described above seek to directly impact the actions proceeding before this Court in at least the following ways:  (1) staying the actions in whole or part, (2) making unavailable a source of funds for defense, settlement, and payment of judgment in the actions, and (3) pursuing claims against the same defendants named in these actions, arising from the same alleged facts and circumstances, in advance of or in parallel with these actions.

We are informed that the UCC and the Debtors have reached an agreement with respect to these motions and will be submitting an agreed to Stipulation and Order in the SunEdison bankruptcy proceedings that will grant the UCC standing to pursue certain claims on behalf of the Debtors' Estate but not until after good faith efforts have been made to resolve the UCC claims and the claims in the cases pending before this Court (and elsewhere) that implicate the D&O policies.  Further, the UCC and the Debtors will seek a stay of the cases pending before this Court in whole, or in part, in conjunction with such a mediation.  Although, a stay might obviate at least portions of the schedule proposed below,

---

[3] The ERISA cases are covered by a Fiduciary Liability policy, but nonetheless the cases are included in the UCC Complaint.



Hon. P. Kevin Castel
November 17, 2016
Page 3

Defendants set forth the proposed schedule to be responsive to the Court's request and in case a stay is not effected.

### PRINCIPAL DEFENSES TO THE CLAIMS IN THE ACTIONS

The cases before the Court raise a variety of claims, based on a number of different offerings and investments. In several of the cases, no operative consolidated complaint has been filed yet. Accordingly, while it is difficult to identify all of the principal defenses that may be available to the claims in these actions, Defendants already have significant principal defenses to the claims in the actions, both with respect to plaintiffs' pleadings and on the merits. Defendants' principal defenses include, but are not limited to:[4]

- Allegedly omitted information was disclosed;

- Allegedly false or misleading statements were not false or misleading at the time made;

- Plaintiffs improperly rely on events occurring after the allegedly false or misleading statements were made or information omitted to support their allegations that the statements were false, misleading or otherwise omitted material information.

- Certain challenged statements are inactionable as a matter of law because, for example, they are not within the four corners of the offering documents, are forward-looking, were accompanied by adequate cautionary language, and/or were opinion statements;

- Plaintiffs cannot meet the requirements of Section 12(a)(2) or Section 15 because, for example, named individual defendants are not statutory sellers, or at least one offering was a private placement;

- Lack of scienter;

- Defenses based on negative causation and/or lack of loss causation;

- Due diligence defenses;

---

[4] Many of these defenses are set forth in more detail in the motions to dismiss filed in *Glenview*, *Cobalt*, and *Omega*. While Defendants anticipate that those motions will be re-filed to more appropriately consider Second Circuit law, they nevertheless illustrate the weaknesses in the allegations made in many of these cases.



Hon. P. Kevin Castel
November 17, 2016
Page 4

- Plaintiffs cannot demonstrate standing to pursue their claims because they cannot demonstrate that they purchased securities in the offering and/or from one or more named defendants;

- Plaintiffs cannot prove that they purchased shares in or traceable to the securities offering on which their claims are based;

- As to the ERISA cases, plaintiffs cannot demonstrate imprudence because they cannot show that there was an action the fiduciaries could have taken with respect to the company stock fund that would not have done more harm than good, as set forth in *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014) and *Amgen Inc. v. Harris*, 136 S. Ct. 758 (2016).

In the class actions, Defendants also anticipate raising significant challenges to class certification, including, among other challenges, with respect to numerosity and the class period alleged.

Finally, Defendants anticipate challenging the amount of damages claimed and plaintiffs' methods used for calculating those damages.

### OTHER PENDING MOTIONS

As noted in Defendants' October 26, 2016 letter, several cases have pending lead plaintiff applications. Additionally, as also noted in the prior letter, certain of the Global IPO Class Actions and the *Oklahoma Firefighters* individual shareholder action, which were originally filed in state court, have motions for remand which are fully briefed under Ninth Circuit law. Defendants understand that the Global IPO Class Action plaintiffs have decided not to pursue remand. Defendants believe that the appointment of lead plaintiff and confirmation of resolution of the remand motions are procedural steps that should be undertaken regardless of the schedule or potential of a stay of proceedings.

Plaintiffs in the *Cobalt*, *Glenview*, and *Omega* individual shareholder actions petitioned for permission to appeal Judge Alsup's remand ruling to the Ninth Circuit. Today, the Ninth Circuit requested briefs from both sides, to be filed within twenty-one days, regarding the effect of the MDL transfer on the petition for permission to appeal.

### MOTION SCHEDULE

I.   **Class Actions**

Defendants met and conferred with Plaintiffs in the class actions pending before the Court in this MDL action. The parties were not able to reach agreement on schedules related to all of these cases. The following proposed schedule (by case) reflects Defendants need for sufficient time to prepare the pre-motion to dismiss letters in several cases simultaneously, with the goal of providing coordinated letters on



Hon. P. Kevin Castel
November 17, 2016
Page 5

behalf of most or all defendants, wherever possible. This proposed schedule also reflects the additional challenge to such coordination brought on by the Holiday Season and related counsel unavailability.

> A. **The SunEdison Securities Class Action,** *In re SunEdison, Inc. Securities Litigation*, 1:16-cv-07917-PKC (S.D.N.Y.)

Defendants agree that the MERS Amended Consolidated Class Action Complaint (the "SunEdison Complaint") shall be the operative complaint.

Defendants propose that Defendants' pre-motion letter shall be due twenty-one days following the issuance of the Court's scheduling order and Plaintiffs' response shall be due fourteen days after Defendants' letter is served.

> B. **The TerraForm Power Securities Class Action,** *Chamblee v. TerraForm Power, Inc. et al.*, No. 1:16-cv-08039-PKC (S.D.N.Y.)

Defendants agree that the Amended Consolidated Class Action Complaint filed by Lead Plaintiffs Clemens Schlettwein and Jerome Spindler shall be the operative complaint.

Defendants propose that Defendants' pre-motion letter shall be due twenty-one days following the issuance of the Court's scheduling order and Plaintiffs' response shall be due fourteen days after Defendants' letter is served.

> C. **The TerraForm Global Securities Class Action,** *Pyramid Holdings, Inc. v. Terraform Global, Inc. et al.*, No. 1:16-cv-07981-PKC (S.D.N.Y.)

Defendants agree with Plaintiffs' proposal that an amended consolidated complaint shall be filed twenty-one days after a Lead Plaintiff is appointed. Twenty-one days following filing of the amended consolidated complaint, Defendants shall serve a pre-motion letter and Plaintiffs' response shall be due fourteen days after that.

> D. **The Vivint Solar Securities Class Action,** *Church v. Chatila et al.*, 1:16-cv-07962-PKC (S.D.N.Y) ("*Church*")

Defendants agree with Plaintiff's proposal that an amended consolidated complaint shall be filed fourteen days after a Lead Plaintiff is appointed. Twenty-one days following filing of the amended consolidated complaint, Defendants shall serve a pre-motion letter and Plaintiffs' response shall be due fourteen days after that.

> E. **SunEdison ERISA Action,** *Usenko et al. v. SunEdison, Inc. et al.*, 1:16-cv-07950-PKC (S.D.N.Y.)

Defendants agree with Plaintiffs' proposal that an amended consolidated complaint shall be filed thirty days after a Lead Plaintiff is appointed. Thirty days following filing of the amended consolidated



Hon. P. Kevin Castel
November 17, 2016
Page 6

complaint, Defendants shall serve a pre-motion letter and Plaintiffs' response shall be due fourteen days after that.

## II. Individual Shareholder Actions

The motions to dismiss in the *Cobalt*, *Glenview*, and *Omega* individual shareholder actions have been fully or partially briefed under Ninth Circuit law. If the Court decides that these cases should proceed in parallel with the class actions, Defendants request that they be permitted to re-file their motions under Second Circuit law, and propose that following the Court's scheduling order the parties meet and confer regarding a schedule for the pre-motion letters.

### STATUS OF DISCOVERY

The PSLRA discovery stay applies to all of the class and individual shareholder actions. Discovery thus has not commenced in any of those actions, with the exception that plaintiff in *Fraser* (one of the Global IPO class actions) served document requests and interrogatories when the case was still pending in San Mateo County Superior Court. Defendants objected to those discovery requests as premature and no further action was taken.

Certain plaintiffs in the ERISA actions also served limited requests for documents related to SunEdison's investment plan and committee, which requests were permitted pursuant to ERISA § 104(b)(4). Two limited document productions were made.

### PRIOR SETTLEMENT DISCUSSIONS

Defendants have not engaged in settlement discussions with any of the plaintiffs to the actions except in certain cases as was required under the Northern District of California Local Rules for the purposes of filing the ADR Certificate. During two phone calls conducted in the past month and an exchange of emails, Sidley Austin (on behalf of its clients, certain current and former officers and directors of SunEdison) and Bernstein Litowitz (counsel for Lead Plaintiff MERS in the *Horowitz* action) engaged in a general discussion concerning the potential for early mediation of all cases.

Respectfully submitted,

By: */s/ Dorothy J. Spenner*
Dorothy J. Spenner
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

# SIDLEY
SIDLEY AUSTIN LLP

Hon. P. Kevin Castel
November 17, 2016
Page 7

Email: dspenner@sidley.com

Sara B. Brody
Jaime A. Bartlett
Sarah A. Hemmendinger
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
Telephone:   (415) 772-1200
Facsimile:   (415) 772-7400
sbrody@sidley.com
jbartlett@sidley.com
shemmendinger@sidley.com

Norman J. Blears
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, California 94304
Telephone:   (650) 565-7000
Facsimile:   (650) 565-7100
nblears@sidley.com

Robin Wechkin
SIDLEY AUSTIN LLP
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Telephone:   (206) 262-7680
rwechkin@sidley.com

*Attorneys for SunEdison, Inc. Investment Committee, Antonio R. Alvarez, Jeremy Avenier, Ahmad Chatila, Clayton Daley, Jr., Emmanuel Hernandez, Matthew Herzberg, Georganne C. Proctor, Steven Tesoriere, Martin Truong, James B. Williams, Brian Wuebbels, and Randy H. Zwirn*

SIDLEY AUSTIN LLP
SIDLEY

Hon. P. Kevin Castel
November 17, 2016
Page 8

By:   /s/ Timothy Perla
      Timothy Perla
      Michael Bongiorno
      WILMER CUTLER PICKERING
      HALE AND DORR LLP
      60 State Street
      Boston, Massachusetts 02109
      Telephone:   (617) 526-6000
      Facsimile:    (617) 526-5000
      Timothy.Perla@wilmerhale.com
      Michael.Bongiorno@wilmerhale.com

      Gregory Boden
      WILMER CUTLER PICKERING
      HALE AND DORR LLP
      350 South Grand Avenue, Suite 2100
      Los Angeles, California 90071
      Telephone:   (213) 443-5300
      Facsimile:    (213) 443-5400
      Gregory.Boden@wilmerhale.com

      *Attorneys for Terraform Global, Inc.,
      TerraForm Global LLC, TerraForm Power,
      Inc., and Peter Blackmore*

By:   /s/ Daniel H. Bookin
      Daniel H. Bookin
      O'MELVENY & MYERS LLP
      Two Embarcadero Center, 28th Floor
      San Francisco, CA 94111
      Telephone: (415) 984-8700
      dbookin@omm.com

      *Attorneys for Defendant Alejandro Hernandez*

By:   /s/ Kevin J. O'Connor
      Kevin J. O'Connor (*pro hac vice*)
      HINCKLEY ALLEN & SNYDER, LLP

**SIDLEY** *SIDLEY AUSTIN LLP*

Hon. P. Kevin Castel
November 17, 2016
Page 9

                          28 State Street
                          Boston, MA 02109-1775
                          Telephone:  (617) 378-4190
                          koconnor@hinkleyallen.com
                          rcampbell@hinckleyallen.com

                          Victoria P. Lane
                          HINCKLEY, ALLEN & SNYDER LLP
                          30 South Pearl Street, Suite 901
                          Albany, New York 12207
                          Telephone: (518) 396-3100
                          Facsimile: (518) 396-3101
                          vlane@hinckleyallen.com

                          *Attorneys for Defendant Carlos Domenech Zornoza*


By:    */s/ Adam S. Hakki*
        Adam S. Hakki
        Daniel C. Lewis
        SHEARMAN & STERLING LLP
        599 Lexington Avenue
        New York, New York 10022-6069
        Telephone:   (212) 848-4000
        Facsimile:    (212) 848-4924
        ahakki@shearman.com
        daniel.lewis@shearman.com

        Patrick D. Robbins
        Jonah P. Ross
        SHEARMAN & STERLING LLP
        535 Mission Street, 25th Floor
        San Francisco, California  94105-2997
        Telephone: (415) 616-1100
        Facsimile: (415) 616-1329
        probbins@shearman.com
        jonah.ross@shearman.com

        *Attorneys for the Underwriter Defendants*