**McGuireWoods LLP**
2001 K Street N.W.
Suite 400
Washington, DC 20006-1040
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

**Charles Wm. McIntyre**
Direct: 202.857.1742

McGUIREWOODS

cmcintyre@mcguirewoods.com
Fax: 202.828.2967

November 17, 2016

**VIA ECF**

Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

<u>**In re: SunEdison, Inc. Securities Litigation (No. 1:16-md-02742-PKC)**</u>

Dear Judge Castel:

      We write on behalf of KPMG LLP ("KPMG") in response to Paragraph 9 of the Court's October 26, 2016 Order (No. 1:16-md-02742-PKC, ECF No. 16) (the "Order"). KMPG is a defendant as to one claim in one of the actions before this Court in the above-referenced multidistrict litigation proceedings ("MDL")—*Horowitz v. SunEdison, Inc. et al.*, No. 1:16-cv-07917-PKC (S.D.N.Y.) (formerly No. 4:15-cv-1769-RWS (E.D. Mo.)).

**<u>KPMG's Principal Defenses</u>**

      Set forth below are KPMG's principal defenses known at this time to the single claim asserted against it, under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k, in *Horowitz*. As this case is still in an early phase, and because KPMG's investigation into and analysis of the claim against it are ongoing, KPMG may identify and raise additional defenses in the future.

- KPMG's audit opinions are not subject to Section 11 liability, as established in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 135 S. Ct. 1318 (2015);

- Any alleged misstatements attributed to KPMG were not statements of fact, but of opinion, and thus also not subject to Section 11 liability, pursuant to *Omnicare*;

- Any allegedly untrue statements were true;

- Any allegedly misleading statements were not misleading;

Atlanta | Austin | Baltimore | Brussels | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C. | Wilmington

Hon. P. Kevin Castel
November 17, 2016
Page 2

- Any allegedly omitted facts were disclosed, or were not required or necessary to make other statements not misleading;

- KPMG exercised due diligence;

- Plaintiffs lack standing/traceability; and

- Absence of loss causation.

Because *Horowitz* is pled as a class action, KPMG anticipates raising challenges to class certification. Finally, KPMG anticipates raising challenges to the amount of and method for calculating any damages claimed by plaintiffs.

**Deadlines, Due-Dates, and/or Cut-Off Dates**

KPMG is not aware of any present deadlines, due-dates, or cut-off dates applicable to it or in the *Horowitz* action generally.

**Outstanding Motions**

KPMG is not aware of any outstanding motions relevant to it or the *Horowitz* action.

**Discovery**

KPMG is not aware of any discovery that has taken place relevant to it or the *Horowitz* action.

**Settlement Discussions**

KPMG has not participated in any settlement discussions to date.

**Additional Information**

*Horowitz Administrative Closure*

While the *Horowitz* action was still pending in the United States District Court for the Eastern District of Missouri, and before KPMG was named as a defendant, then-defendant SunEdison filed notice of its April 21, 2016 filing for bankruptcy and the resulting automatic stay of any further action against SunEdison, Inc. (the "Debtor" or "SunEdison"). *Horowitz*, ECF No. 58. In response, Judge Rodney W. Sippel of the Eastern District of Missouri entered an order on April 26, 2016 administratively closing the *Horowitz* action "until such time as the bankruptcy proceedings have been concluded or Court action is otherwise required." *Id.*, ECF No. 59.

Hon. P. Kevin Castel
November 17, 2016
Page 3

Two days later, *Horowitz* plaintiff Municipal Employees' Retirement System of Michigan ("MERS") moved to re-open *Horowitz*, arguing that the automatic bankruptcy stay did not extend to the non-debtor defendants. *Id.*, ECF Nos. 60, 61. On May 13, 2016, the *Horowitz* defendants at the time responded to MERS's motion, arguing that the administrative closure was "reasonable and appropriate" because the bankruptcy proceeding was in its preliminary stages and the closure would thus avoid duplicate fact development, allow the Official Committee of Unsecured Creditors in the SunEdison bankruptcy proceeding ("UCC") time to conduct its review of pre-petition actions, and avoid impacting the insurance coverage shared by SunEdison and the non-debtor defendants. *Id.*, ECF No. 65 at 2, 5–8.

On July 19, 2016, Judge Sippel denied MERS's motion to re-open the case, citing the reasons stated in the court's prior order and in defendants' opposition. *Id.*, ECF Nos. 59, 65 & 68. The order also permitted MERS to file a consolidated amended complaint, which it did on July 22, 2016, adding new claims and defendants, including KPMG. *Id.*, ECF No. 69.

*UCC Bankruptcy Motions*

Consistent with Judge Sippel's reasoning in denying MERS's motion to re-open the *Horowitz* action, on November 2, 2016, in SunEdison's bankruptcy proceedings, the UCC filed a motion to enforce the automatic bankruptcy stay in litigation involving current and former directors and officers of SunEdison, defining the litigation as the cases before this Court in the instant MDL proceedings. *Official Committee of Unsecured Creditors v. Beltran, et al.*, No. 16-01257-SMB (Bankr. S.D.N.Y.), ECF No. 2. The UCC's motion argues:

> the automatic stay must be enforced against the D&O Actions because the Debtors have a property interest in SUNE's directors' and officers' liability insurance policies (collectively, the "D&O Policies"), which are likely to fund most or all of any money judgment in the D&O Actions, and the continued prosecution of the D&O Actions threatens to deplete—if not entirely eliminate— that property interest.

No. 16-01257-SMB, ECF No. 2 ¶ 1. Objections to the UCC's motion are due November 29, 2016, and a hearing is set for December 6, 2016. Simultaneously, the UCC filed an adversary complaint against the plaintiffs in the MDL proceedings before this Court. *Official Committee of Unsecured Creditors v. Beltran, et al.*, No. 16-01257-SMB (Bankr. S.D.N.Y.), ECF No. 1. The adversary complaint seeks declaratory relief and to enforce the automatic bankruptcy stay to the MDL litigation, for the reasons quoted above.

On November 4 and 7, 2016, respectively, the UCC filed motions in the bankruptcy proceedings for leave to file adversary complaints against the Debtor's directors and officers and against the Debtor's "YieldCo" subsidiaries, TerraForm Power, Inc. and TerraForm Global, Inc. *In re SunEdison, Inc., et al.*, No. 16-10992-SMB (Bankr. S.D.N.Y.), ECF Nos. 1550, 1557. Objections are due November 29, 2016, and a hearing is set for December 6, 2016. Relatedly, in a bankruptcy hearing today, Debtor's counsel informed the court that it had reached a settlement

Hon. P. Kevin Castel
November 17, 2016
Page 4

with the UCC as to exclusivity, and that the UCC will have standing to prosecute the actions against the Debtor's directors and officers, but that the prosecution will be stayed while the parties mediate.

KPMG further notes that it has been approved in the bankruptcy proceedings as a professional for the Debtor and is serving in that capacity. KPMG is also continuing its work for SunEdison's YieldCo subsidiaries.

\* \* \* \*

KPMG respectfully provides the foregoing responses to the Court's Order.

Sincerely,

**McGuireWoods LLP**

/s/
Charles Wm. McIntyre (*pro hac* pending)
Jessica E. Morrison (*pro hac* pending)
Darren W. Stanhouse (*pro hac* pending)
Franklin D. Annand (*pro hac* pending)

2001 K Street, NW, Suite 400
Washington, DC 20006
(202) 857-1700
Fax: (202) 857-2959
cmcintyre@mcguirewoods.com
jmorrison@mcguirewoods.com
dstanhouse@mcguirewoods.com
fannand@mcguirewoods.com

*Counsel for KPMG LLP*

Hon. P. Kevin Castel
November 17, 2016
Page 5

# CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2016, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Franklin D. Annand*