# Skadden, Arps, Slate, Meagher & Flom llp

ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636
———
TEL: (302) 651-3000
FAX: (302) 651-3001
www.skadden.com

DIRECT DIAL
(302) 651-3080
DIRECT FAX
(302) 434-3080
EMAIL ADDRESS
ANTHONY.CLARK@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

December 12, 2016

Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States
Courthouse
500 Pearl St.
New York, NY 10007-1312

        RE: In re SunEdison, Inc. Securities Litigation, MDL No.
           2742, 16-mc-2742 (PKC)(AJP)(S.D.N.Y.)

Dear Judge Castel:

  Our undersigned firms respectively represent (i) SunEdison, Inc. ("SUNE") and certain of its affiliates (collectively, "SunEdison" or the "Debtors") in voluntary proceedings (the "Bankruptcy Cases") under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") pending before the Hon. Stuart M. Bernstein in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and (ii) SUNE (against which litigation has been stayed) and certain of the individual SUNE director and officer defendants in the related multi-district litigation pending before Your Honor (the "MDL Litigation").

  In anticipation of the case management conference before Your Honor scheduled for December 19, 2016, we write to update the Court on recent activity in the Bankruptcy Cases relevant to the MDL Litigation.  In light of this recent activity as well as a variety of other factors discussed herein, we also write to request that, following the December 19 case management conference, this Court enter an order (i) directing all parties in the MDL Litigation, including the underwriter defendants

and KPMG, as well as the parties to the ERISA actions that are a subset of the MDL Litigation, to participate in mediation, and (ii) staying the litigation pending the outcome of the mediation. We believe that such relief is appropriate in order to promote a consensual resolution of the MDL Litigation, certain related state court matters, and derivative claims of the SunEdison bankruptcy estate. An early mediation and stay also would preserve as much as possible of the proceeds of the Insurance Policies[1] – which otherwise would be spent on defense costs – for distribution to the SunEdison creditors and investor plaintiffs who have claims against SUNE, the Yieldcos and/or their directors and officers. The Official Committee of Unsecured Creditors (the "Committee") in the Bankruptcy Cases supports this effort for early global mediation.

SUNE is a named defendant in fifteen of the lawsuits consolidated in MDL Litigation.[2] These actions have been automatically stayed as to SUNE under section 362 of the Bankruptcy Code, but continue to proceed with respect to non-Debtor defendants, including the Yieldcos and their and the Debtors' current and former directors and officers.

On November 2, 2016, the Committee filed an adversary proceeding in the Bankruptcy Cases against all of the plaintiffs in the MDL Litigation (as well as the plaintiffs in other similar state court actions against the Debtors' or the Yieldcos' directors and officers which are not part of the MDL Litigation) seeking to stay the pending non-bankruptcy litigations in order to prevent dissipation of the Insurance Policies. Two days later, the Committee filed a motion in the Bankruptcy Cases for derivative standing to bring claims belonging to Debtors' estates against certain of the Debtors' directors and officers based on the same facts alleged, and similar to some of the claims made, in the MDL Litigation. Following extensive negotiations, on November 17, 2016, the Debtors announced on the record at a Bankruptcy Court hearing that they had reached an agreement with the Committee on these matters, the details of which were set forth in the Debtors' November 23, 2016 response to the

---

[1] The "Insurance Policies" include: (i) directors and officers liability insurance policies which provide $150 million of coverage to SUNE and its partially owned public subsidiaries (which are not Debtors in the Bankruptcy Cases), TerraForm Power, Inc. and TerraForm Global, Inc. (collectively, with their respective direct and indirect subsidiaries, the "Yieldcos"), and their respective directors and officers; (ii) another $50 million of separate "side A" coverage for each of the Yieldcos and SUNE for their respective directors and officers who do not receive indemnification from their employer; and (iii) for the ERISA actions that are a subset of the MDL Litigation, a separate $15 million of fiduciary liability insurance coverage.

[2] A list of the cases in which SUNE is a defendant is attached as Exhibit A.

Honorable P. Kevin Castel
December 12, 2016
Page 3

Committee's derivative standing motion and adversary proceeding.[3]  Under this agreement, the Committee would be granted derivative standing for estate claims against directors and officers, but prosecution of those claims would be held in abeyance while the parties seek relief from this Court and the Bankruptcy Court temporarily staying all litigation against the directors/officers and compelling all parties to those litigations (including the MDL Litigation and the state court actions not a part thereof), as well as the insurers on the Insurance Policies, to mediate the disputes.  Absent such relief, the Insurance Policies will be severely depleted and, ultimately, exhausted by ongoing defense costs while the dozens of plaintiffs compete to be the first to get to a judgment.[4]  It is critical that *all* plaintiffs be compelled to participate in the mediation, so that no one of them has an unfair leg up on the others in the race to judgment.  Accordingly, the Debtors have requested this relief in the Bankruptcy Court, and the Debtors and their directors and officers listed below do so in this Court.

Many parties to the MDL Litigation, including both plaintiffs and defendants, filed responses and objections to the mediation/stay proposal in the Bankruptcy Court.[5]  While some raised procedural issues with the requested relief and opposed a litigation stay, most affirmatively acknowledged the benefits of mediation.[6]  On December 5, 2016, the Debtors filed a reply to address the objections,[7] and appeared the next day at a status conference before Judge Bernstein to explain their intention to request an order from this Court compelling all parties to the MDL Litigation to

---

[3]  The Debtors' response, filed at Docket No. 1664 in the Bankruptcy Cases and Docket No. 11 in the adversary proceeding, is attached hereto as <u>Exhibit B</u>.

[4]  This is a very real and substantial, not speculative, risk.  For example, although most of the civil litigations are only at the nascent pleading stage, the primary insurance layer of $10 million has been exhausted, and by year end nearly $20 million in covered costs for the civil litigations and certain ongoing governmental investigations will be submitted under the Insurance Policies.

[5]  Certain of these parties noted that this Court previously ordered interested parties to show cause by November 15 why any judicially imposed stay of any action should not be vacated, and suggested that the Debtors missed their opportunity to seek mediation/stay relief in this Court.  The Debtors do not understand this Court's inquiry concerning prior judicially imposed stays to be the same as the current request to stay all proceedings to facilitate a mediation.

[6]  We recognize that certain procedural items may need to occur in the MDL Litigation to facilitate a more effective mediation, such as consolidation, designation of lead plaintiffs and filing of consolidated amended complaints in certain of the actions.  A stay order can be fashioned to account for such events.

[7]  The Debtors' reply, filed at Docket No. 1746 in the Bankruptcy Cases and Docket No. 41 in the adversary proceeding, is attached hereto as <u>Exhibit C</u>.

Honorable P. Kevin Castel
December 12, 2016
Page 4

mediate and temporarily staying the underlying actions until mediation has been completed.[8] Without objection from any party, including the MDL Litigation plaintiffs, Judge Bernstein entered an order (i) lifting the automatic stay to permit the Debtors to present their request for a mediation/stay order to Your Honor, and (ii) granting the Committee derivative standing on the estate's claims against SUNE directors/officers but precluding the prosecution of those claims until after the Bankruptcy Court rules on the mediation/stay request following this Court's consideration of the same relief in the MDL Litigation.[9] If this Court and the Bankruptcy Court grant the mediation/stay relief that the Debtors propose, the Committee's adversary proceeding and proposed claims against the directors/officers also will be held in abeyance.[10] The Debtors are to report back to the Bankruptcy Court on these matters at a further status conference on December 22, 2016.

      Accordingly, the Debtors and the SUNE officers and directors request an order compelling mediation and staying the MDL Litigation while mediation takes place. That will enable the parties to pursue consensual resolution of their disputes while preserving the proceeds of the Insurance Policies, which are the main source for recovery on the claims against many of the defendants in the MDL Litigation, related state court actions, and the estate's derivative claims to be filed in the Bankruptcy Court. Moreover, a successful mediation of those claims, as well as the claims asserted against the underwriter defendants and KPMG in the MDL Litigation, would save this Court, the Bankruptcy Court, the state courts, and the parties tremendous time, money and resources, while achieving a substantial recovery for the creditors and investors pursuing those claims. If the mediation should fail to achieve a settlement, the substantive rights of all parties to pursue their claims and defenses are fully preserved, and no party is in an advantaged position different from their current positions.

      Therefore, the Debtors and their director/officer defendants listed below respectfully request that (i) the Debtors' bankruptcy counsel be permitted to appear and be heard at the December 19 case management conference, and (ii) following the

---

[8] The transcript from the status conference is attached hereto as <u>Exhibit D</u>.

[9] The order, filed at Docket No. 1796 in the Bankruptcy Cases, is attached hereto as <u>Exhibit E</u>. The order also provides that the Committee may pursue its proposed claims if the Bankruptcy Court has not decided the request for mediation/stay relief by January 15, 2017.

[10] If this Court grants mediation/stay relief as to the MDL Litigation, the Debtors will ask the Bankruptcy Court to grant similar relief as to the related pending state court actions that are not part of the MDL Litigation.

Honorable P. Kevin Castel
December 12, 2016
Page 5

conference, the Court stay the MDL Litigation and order all parties therein to a mediation.

                                  Respectfully submitted,

| /s/Anthony W. Clark | /s/ Sara B. Brody (w/ permission) |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | SIDLEY AUSTIN LLP |
| Four Times Square | 555 California Street |
| New York, New York 10036-6522 | Suite 2000 |
| Telephone: (212) 735-3000 | San Francisco, CA 94104 |
| Fax: (212) 735-2000 | Telephone: (415) 772-1200 |
| J. Eric Ivester | Facsimile: (415) 772-7400 |
| | Sara B. Brody |
| -and- | Jamie A. Bartlett |
| | |
| 155 N. Wacker Dr. | -and- |
| Chicago, Illinois 60606-1720 | |
| Telephone: (312) 407-0700 | 1001 Page Mill Road |
| Fax: (312) 407-0411 | Building 1 |
| James J. Mazza, Jr. | Palo Alto, California 94304 |
| Louis S. Chiappetta | Telephone: (650) 565-7000 |
| | Facsimile: (650) 565-7100 |
| -and- | Norman J. Blears |
| | |
| One Rodney Square | -and- |
| P.O. Box 636 | |
| Wilmington, Delaware 19899 | 787 Seventh Avenue |
| Telephone: (322) 651-3000 | New York, New York 10019 |
| Fax: (302) 434-3080 | Telephone: (212) 839-5300 |
| Anthony W. Clark | Facsimile: (212) 839-5599 |
| | Dorothy J. Spenner |
| *Counsel to SunEdison, Inc., et al., Debtors* | *Counsel to SunEdison, Inc. Investment Committee, Antonio R. Alvarez, Jeremy Avenier, Ahmad Chatila, Clayton Daley, Jr., Emmanuel Hernandez, Matthew Herzberg, Georganne C. Proctor, Steven Tesoriere, Marshall Turner, Martin Truong, James B. Williams, Brian Wuebbels, and Randy H. Zwirn* |

Honorable P. Kevin Castel
December 12, 2016
Page 6


cc: Counsel of record in MDL Litigation
 Hon. Stuart M. Bernstein