**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Dennis J. Herman
dennish@rgrdlaw.com

December 14, 2016

<u>VIA ECF</u>

Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *In re SunEdison, Inc. Sec. Litig.*, No. 16-md-02742-PKC

Dear Judge Castel:

    As reflected in our prior filings, we represent the Non-Class Action Plaintiffs in six of the cases that are part of this MDL proceeding.[1] We write to respond to the letter jointly filed December 12, 2016 (Dkt. No. 71) by counsel for stayed defendant SunEdison, Inc. and certain of its current or former officers and directors (collectively, the "SUNE defendants") requesting that the Court stay all proceedings and order all parties to immediately mediate their disputes. We write only in an abundance of caution that a lack of response could be misconstrued as consent to the request. We have three general responses to the request:

    1.    The request is improperly presented. As with the earlier request to the bankruptcy court, the request is made by letter only days before a court hearing, and based on a spare and incomplete record. *See* Ex. 1, attached hereto.[2] If the proponents want the Court to stay these proceedings or order mediation, they should file a motion, properly noticed, with time for all parties to respond. Local Civil Rules 6.1 & 7.1(b); Your Honor's Individual Practices §4.B. The letter describes no unexpected or exigent circumstances that would support granting the SUNE defendants' request on an expedited basis based on the bare record contained in their letter. At best, the letter should be treated as a pre-motion letter under §4.A.1 of Your Honor's Individual Practices.

---

[1]    Cobalt KC Partners, LP, Cobalt Offshore Master Fund, LP, Cobalt Partners II, LP and Cobalt Partners, LP (Case No. 1:16-cv-08006-PKC); Glenview Capital Master Fund, Ltd., Glenview Capital Opportunity Fund, L.P., Glenview Capital Partners, L.P., Glenview Institutional Partners, L.P. and Glenview Offshore Opportunity Master Fund, Ltd. (Case No. 1:16-cv-0832-PKC); Omega Capital Investors, L.P., Omega Capital Partners, L.P., Omega Equity Investors, L.P. and Omega Overseas Partners, Ltd. (Case No. 1:16-cv-07428-PKC); Kingdon Associates, Kingdon Credit Master Fund, L.P., Kingdon Family Partnership, L.P. and M. Kingdon Offshore Master Fund, L.P. (Case No. 1:16-cv-08202-PKC); Oklahoma Firefighters Pension and Retirement System (Case No. 1:16-cv-07995-PKC); and VMT II, LLC (Case No. 1:16-cv-08204-PKC).

[2]    Exhibit 1 is the response we filed to the similar request made by SUNE in the bankruptcy court.

**Robbins Geller Rudman & Dowd LLP**

Hon. P. Kevin Castel
December 14, 2016 – Page 2

      2.      The Non-Class Action Plaintiffs we represent are willing to mediate in good faith, provided that all other parties to their cases are similarly ready and willing to participate. We do have some concerns as to whether this is truly the case. We find it curious that the SUNE defendants are filing motions to **compel** mediation, here and in the bankruptcy court, **before** contacting all of the parties to see whether they wish to ***voluntarily*** mediate their claims. To date, none of the defendants in our clients' cases have contacted us to attempt to set up, or even discuss, a mediation. Moreover, when the request for a stay and forced mediation was originally presented to the bankruptcy court, the banks that served as underwriters or placement agents in the securities offerings that are the subject of the Non-Class Action cases we are handling were excluded from the mediation, without express notice or explanation. *See* Ex. 1 at 9-12. While we are heartened to see that the request made to this Court does now include the banks, we have yet to hear any response or expression of interest from those defendants in participating in a mediation (or any explanation at all from SUNE as to why the banks were excluded from the prior request).[3] A compelled mediation has a much lower chance of success than one in which all parties are ready, willing and able to participate. *Id.* We respectfully suggest that before ***ordering*** mediation, the Court should direct interested parties to attempt to set one up on a voluntary basis.

      3.      An involuntary stay of proceedings should not be ordered pending mediation. As we and other parties have previously explained here and to the bankruptcy court, an involuntary stay will significantly reduce the chances for success at mediation. *Id.* at 12-14. Indeed, in light of the SUNE defendants' rush to seek a Court order mandating mediation, one might suspect that the involuntary stay they request is designed merely to provide time for them to distribute the insurance policy proceeds among themselves and the bankruptcy creditors, while delaying and reducing the recovery to SUNE's investors and employees who are the plaintiffs in the securities and ERISA claims that are at issue in these MDL proceedings. The request to stay the proceedings is without merit, and should not be granted.

      We will be in attendance at Monday's case management conference and prepared to expand on these or any other related issues at that time.

      Sincerely,

      Dennis J. Herman

cc:    All Counsel of Record (via ECF)

---

[3] Nor is it clear whether Terraform Global, Inc. ("GLBL") – SUNE's subsidiary – is presently interested in mediating the Non-Class Action Plaintiffs' claims against them, as their response in the bankruptcy court consenting to mediation mentions only GLBL's indemnification claims against SUNE.

1215953_1