January 6, 2017

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *In re SunEdison, Inc., Securities Litigation,* 16 MD No. 2742 (PKC) (AJP) (S.D.N.Y)

Dear Judge Castel:

The undersigned attorneys represent plaintiffs ("Plaintiffs") in an individual securities action, *Kearny Investors S.A.R.L., et al. v. Goldman Sachs & Co., et al.*, Case No. 1:16-cv-09566-PKC (the "Action"), which was transferred on December 12, 2016 to the SunEdison multidistrict litigation pending before Your Honor. We write to provide the information required by the Court in its October 26, 2016 Order (Dkt. No. 21).

**I.   Deadline For Defendants To Respond To Plaintiffs' Complaint (Paragraph 6 Of The October 26, 2016 Order)**

Plaintiffs agree to stay the time for defendants to answer or otherwise respond to the Complaint until 30 days after the Court rules on a motion to dismiss the Consolidated Class Action Complaint ("CCAC")[1] or the filing of an answer by substantially all served parties, subject to Plaintiffs' right to: (i) amend their complaint if necessary; and (ii) submit an independent response to any motion to dismiss filed by defendants.

**II.   Case Information (Paragraph 9 Of The October 26, 2016 Order)**

a.   <u>Representation By Counsel</u>

The undersigned counsel represent the following plaintiffs in the Action: Kearny Investors S.A.R.L., Powell Investors L.P., and Powell Investors II Limited Partnership.

b.   <u>Parties Served</u>

No parties remain to be served. All of the following defendants have been served or waived service:

- Antonio R. Alvarez

---

[1] At the Court's status conference on December 19, 2016, Class Counsel represented that they would not be filing a further amended complaint. To the extent a CCAC is not filed, Plaintiffs in the Action agree to stay the time for defendants to answer or move until 30 days after the Court rules on the motion to dismiss the operative Class Complaint.

**The Honorable P. Kevin Castel**                                                                                            **January 6, 2017**

- Peter Blackmore
- Ahmad Chatila
- Clayton Daley Jr.
- Emmanuel Hernandez
- Georganne Proctor
- Steven Tesoriere
- Martin Truong
- Marshall Turner
- James B. Williams
- Brian Wuebbels
- Randy H. Zwirn
- Goldman Sachs & Co.
- Deutsche Bank Securities Inc.
- J.P. Morgan Securities LLC
- Macquarie Capital (USA), Inc.
- Merrill Lynch, Pierce, Fenner & Smith Incorporated
- Morgan Stanley & Co. LLC

c. <u>Brief Statement Of The Nature Of The Action</u>

The Action was filed in San Mateo Superior Court, California, on October 5, 2016 against underwriters who marketed and sold the securities in the now bankrupt SunEdison, Inc. ("SUNE") by means of materially false and misleading statements and/or omissions, as well as against SUNE officers and directors. Plaintiffs do not assert claims against SUNE. Defendants removed the action to the United States District Court for the Northern District of California on November 14, 2016 on the basis that it is related to the SUNE bankruptcy pursuant to 28 U.S.C. § 1452(a).

Plaintiffs purchased shares of SUNE 6.75% Series A Perpetual Convertible Preferred Stock at issuance pursuant to a prospectus supplement filed on Form S-3 with the U.S. Securities and Exchange Commission. The offering materials, however, failed to disclose material adverse developments that would have alerted investors to the fact that SUNE was teetering on the brink of insolvency. For example, the offering materials failed to disclose that, just the week before the SUNE stock offering, SUNE was facing such liquidity constraints that it had been compelled to enter into a $169 million loan (the "Goldman Loan") with a high effective interest rate of nearly 15% with an affiliate of defendant Goldman Sachs—the lead underwriter in the offering—presumably in order to either cure a margin call on one of SUNE's other borrowing agreements directly or otherwise free up other funds to do so. The existence, terms, and circumstances of the Goldman Loan, if disclosed, would have alerted investors to SUNE's deepening liquidity crisis. This crucial information, however, was withheld from investors and unknown to Plaintiffs at the time of the offering. This information, and the other misrepresentations referenced in the Complaint, had they been disclosed in connection with the offering, would have been material to the decision of a reasonable investor, and the omissions rendered statements in the offering materials, including regarding SUNE's liquidity, misleading.

**The Honorable P. Kevin Castel**                                                                                          **January 6, 2017**

       Plaintiffs assert strict liability causes of action under the California Corporate Securities Law of 1968, Cal. Corp. Code §§ 25501, 25504 and pursuant to the U.S. Securities Act of 1933, and seek to recover their statutory damages, including prejudgment interest.

         d.   <u>Statement of all existing deadlines, due dates, and/or cut-off dates</u>

       There are no existing deadlines, due dates, and/or cut-off dates in the Action.

         e.   <u>Brief description of any outstanding motions</u>

       There are no outstanding motions in the Action.

         f.   <u>Brief description of any discovery that has already taken place</u>

       No discovery has yet taken place in the Action.

         g.   <u>List of all prior settlement discussions</u>

       There have been no prior settlement discussions between the parties to the Action.

         h.   <u>Other relevant information</u>

       The parties to the Action have stipulated that Plaintiffs' California Corporate Securities Law claims shall not be subject to dismissal under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p(b) or 78bb(f)(1), as a result of the Action being deemed a "covered class action" under SLUSA by virtue of being joined, consolidated, or otherwise proceeding as a single action for any purpose with any other actions that have been or are transferred to this multidistrict litigation.

**The Honorable P. Kevin Castel**                                                          **January 6, 2017**

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP


*/s/ Andrew J. Rossman*
Andrew J. Rossman
*Attorneys for Plaintiffs for claims against all defendants except Morgan Stanley & Co., LLC*

51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: 212/849-7000
Fax: 212/849-7100

BAUTE CROCHETIERE & GILFORD LLP

*/s/ Frank J. Broccolo*
Frank J. Broccolo (appearance *pro hac vice*)
*Attorneys for Plaintiffs*

777 S. Figueroa Street
Suite 4900
Los Angeles, CA 90017
Telephone: 213/630-5000
Fax: 213/683-1225


cc: All counsel of record (via ECF)