January 6, 2017

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street,
New York, NY 10007-1312

Re:   *In re SunEdison, Inc., Securities Litigation,* 16 MD No. 2742 (PKC)(AJP)(S.D.N.Y)

Dear Judge Castel:

The undersigned attorneys represent plaintiffs in the individual securities actions, *Canyon Capital Advisors LLC et al. v. Terraform Global, Inc., et al.,* Case No. 1:16-cv-09171-PKC (S.D.N.Y) ("Canyon I") and *Canyon Capital Advisors LLC et al. v. Alvarez, et al.,* 1:16-cv-09172-PKC (S.D.N.Y) ("Canyon II"), which were transferred on November 28, 2016 to the SunEdison multidistrict litigation pending before Your Honor.  We write to provide the information required by the Court in its October 26, 2016 Order (ECF. No. 21).

**I.      Deadline For Defendants To Respond To Plaintiffs' Complaint (Paragraph 6 Of The October 26, 2016 Order)**

Plaintiffs in Canyon I and Canyon II agree to stay the time for defendants to answer or otherwise respond to the Complaints until 30 days after the Court rules on a motion to dismiss the Consolidated Class Action Complaint ("CCAC")[1] or the filing of an answer by substantially all served parties, subject to Plaintiffs' right to: (1) amend their complaint if necessary; and (ii) submit an independent response to any motion to dismiss filed by defendants.

**II.     Case Information (Paragraph 9 Of The October 26, 2016 Order)**

   a.   Representation By Counsel

The undersigned counsel represent the following plaintiffs in Canyon I:  Canyon Capital Advisors LLC, Canyon Balanced Master Fund, Ltd., Canyon Capital Arbitrage Master Fund, Ltd., Canyon-GRF Master Fund II, L.P., Canyon Value Realization Fund, L.P. and The Canyon Value Realization Master Fund, L.P.

---

[1]   At the Court's status conference on December 19, 2016, Class Counsel represented that they would not be filing a further amended complaint.  To the extent a CCAC is not filed, Plaintiffs in Canyon I and Canyon II agree to stay the time for defendants to answer or move until 30 days after the Court rules on the motion to dismiss the operative Class Complaint.

**The Honorable P. Kevin Castel**                                                                                   January 6, 2017

The undersigned counsel represent the following plaintiffs in Canyon II: Canyon Capital Advisors LLC and Permal Canyon IO Ltd.

    b.   Parties Served

No parties remain to be served. All of the following defendants have been served or waived service:

- Terraform Global, Inc. (Canyon I)
- Antonio R. Alvarez (Canyon I & II)
- Jeremy Avenier (Canyon I)
- Peter Blackmore (Canyon I & II)
- Ahmad Chatila (Canyon I & II)
- Clayton Daley Jr. (Canyon I & II)
- Alejandro "Alex" Hernandez (Canyon I)
- Emmanuel Hernandez (Canyon I & II)
- Georganne Proctor (Canyon I & II)
- Steven Tesoriere (Canyon I & II)
- Martin Truong (Canyon I & II)
- James B. Williams (Canyon I & II)
- Brian Wuebbels (Canyon I & II)
- Carlos Domenech Zornoza (Canyon I)
- Randy H. Zwirn (Canyon I & II)
- Barclays Capital Inc. (Canyon I)
- Citigroup Global Markets Inc. (Canyon I)
- Goldman Sachs & Co. (Canyon I & II)
- Itaú BBA USA Securities, Inc. (Canyon I)
- J.P. Morgan Securities LLC (Canyon I & II)
- Kotak Mahindra, Inc. (Canyon I)
- Macquarie Capital (USA), Inc. (Canyon I & II)
- Merrill Lynch, Pierce, Fenner & Smith Incorporated (Canyon I & II)
- Morgan Stanley & Co. LLC (Canyon I & II)
- SG Americas Securities, LLC (Canyon I)
- SMBC Nikko Securities America, Inc. (Canyon I)

    c.   Brief Statement Of The Nature Of The Actions

The actions were filed in San Mateo Superior Court, California, on August 8, 2016 (Canyon I) and August 25, 2016 (Canyon II). Canyon I asserts claims against a non-bankrupt subsidiary of the bankrupt SunEdison, Inc. ("SUNE"), Terraform Global, Inc. ("GLBL"), underwriters who marketed and sold securities in SUNE and GLBL by means of materially false and misleading statements and/or omissions, and officers and directors of SUNE and GLBL. Canyon II asserts claims against a subset of the defendants in Canyon I, not including GLBL. Plaintiffs do not assert claims in Canyon I or Canyon II against SUNE. Defendants removed the

**The Honorable P. Kevin Castel** January 6, 2017

actions to the United States District Court for the Northern District of California on September 8, 2016 on the basis that they are related to the SUNE bankruptcy pursuant to 28 U.S.C. § 1452(a).

Plaintiffs in Canyon I and Canyon II assert strict liability causes of action under the California Corporate Securities Law of 1968, Cal. Corp. Code §§ 25501, 25504 ("California State Law Claims") and pursuant to the Federal Securities Act of 1933, seeking to recover losses caused by Defendants' misrepresentations and omissions, summarized in the following paragraph, in connection with the offering and sale of certain securities. Based on those misrepresentations and omissions, Plaintiffs in Canyon I closed their purchases of GLBL securities in an initial public offering on August 5, 2015, and Plaintiffs in Canyon I and Canyon II closed their purchases of SUNE preferred shares on August 21, 2015 (together, the "Offerings").

In summary, prior to Plaintiffs' investments in SUNE and GLBL, Defendants neglected to disclose material adverse developments that would have alerted investors to the fact that SUNE was teetering on the brink of insolvency.  For example, Defendants failed to disclose that due to its failing liquidity and the decline in share value of another subsidiary, Terraform Power Inc., SUNE had breached the debt covenants of one of its material loans, resulting in a margin call (or pending margin call), triggering the need to post hundreds of millions of dollars in additional collateral.  A second notable omission was the fact that SUNE's perilous financial condition had compelled it, just the week before the SUNE preferred stock offering, to enter into a $169 million loan with a high effective interest rate of 15% on a secured basis with an affiliate of the Goldman lead underwriter defendant, presumably to cure the margin call.  The existence, terms, and circumstances of the margin call and the Goldman loan, if disclosed, would have alerted investors to SUNE's deepening liquidity crisis.  This crucial information, however, was withheld from investors and unknown to Plaintiffs at the time of the Offerings.  Had it, and the other omitted information referenced in the Complaint, been disclosed in connection with the Offerings, it would have been material to the decision of a reasonable investor whether to invest.  Moreover, Defendants' omissions rendered statements in the offering materials, including regarding SUNE's liquidity, misleading.

Prior to suit, Plaintiffs suffered significant losses and damages when they disposed of their GLBL and SUNE stock at prices that were substantially below the amounts they paid for those securities.

    d.  <u>Statement of all existing deadlines, due dates, and/or cut-off dates</u>

There are no existing deadlines, due dates, and/or cut-off dates in these actions.

    e.  <u>Brief description of any outstanding motions</u>

There are no outstanding motions in these actions.

    f.  <u>Brief description of any discovery that has already taken place</u>

No discovery has yet taken place in these actions.

**The Honorable P. Kevin Castel**                                                           January 6, 2017

      g.   <u>List of all prior settlement discussions</u>

There have been no prior settlement discussions between the parties to these actions.

      h.   <u>Other relevant information</u>

The parties have stipulated that, among other things, Plaintiffs' California Corporate Securities Law Claims shall not be subject to dismissal under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77p(b) or 78bb(f)(1), as a result of either action being deemed a "covered class action" under SLUSA by virtue of being joined, consolidated, or otherwise proceeding as a single action for any purpose with any other actions that have been or are transferred to this MDL.


Respectfully submitted,
QUINN EMANUEL URQUHART &
SULLIVAN, LLP


      */s/ Jonathan E. Pickhardt*
Jonathan E. Pickhardt
*Attorneys for Plaintiffs for claims against all defendants except Morgan Stanley & Co., LLC*

51 Madison Ave., 22nd Floor
New York, NY 10010
Telephone: 212/849-7000
Fax: 212/849-7100


BAUTE CROCHETIERE & GILFORD LLP

      */s/ Frank J. Broccolo*
Frank J. Broccolo (appearance *pro hac vice*)
*Attorneys for Plaintiffs*

777 S. Figueroa Street
Suite 4900
Los Angeles, CA 90017
Telephone: 213/630-5000
Fax: 213/683-1225


Cc: All counsel of record (via ECF)