

**Jeremy A. Lieberman**
Managing Partner

March 21, 2017

**BY ECF AND BY HAND**

The Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    *In re: SunEdison, Inc. Sec. Litig.*, No. 16-md-02742; 16-mc-2742
              *Church v. Chatila*, No. 16-cv-07962
              *Chamblee v. TerraForm Power, Inc.*, No. 16-cv-08039

Dear Judge Castel:

       We represent Lead Plaintiffs in *Church v. Chatila*, No. 16-cv-07962 and *Chamblee v. TerraForm Power, Inc.*, No. 16-cv-08039. We write in response to Defendants' Status Report filed on March 17, 2017 (MDL Dkt. No. 162) and, specifically, to address Defendants' proposal for briefing motions to dismiss in the various actions.

       Defendants propose that briefing should lead off with the *Terraform Global IPO* and *Usenko* (ERISA) class actions; that briefing in the *Horowitz* action should begin only after a ruling in the *Terraform Global IPO* action; and that briefing in the *Chamblee* and *Church* cases should not even begin until the Court has ruled on the motions to dismiss in the *Horowitz* action.

       Contrary to Defendants' suggestion, there are no efficiency benefits to be achieved by staggering the briefing of the motions to dismiss. Rather than "streamline" motion practice, staggered briefing will only drag out this stage of the proceedings, as the Court would need to consider and decide similar arguments multiple times. Further, discovery in the *Horowitz* action would either be delayed while the Court ruled on the *Church* and *Chamblee* complaints, or be duplicative as the *Church* and *Chamblee* plaintiffs would have to re-depose many of the same witnesses that had already been deposed in the *Horowitz* action. Such a result would be at odds with the purpose of having these actions centralized in this MDL. Moreover, any minimal efficiency gains would be significantly outweighed by the prejudice to the *Church* and *Chamblee* plaintiffs of being unfairly delayed in the prosecution of their cases. And while Defendants state that the *Terraform Global IPO* action "involves claims based on the earliest-in-time offering,"

jalieberman@pomlaw.com
600 Third Avenue, New York, New York 10016   tel: 212.661.1100   www.pomerantzlaw.com
NEW YORK      CHICAGO      LOS ANGELES      WESTON, FL

{00234629;6 }            ®325

# POMERANTZLLP

The Honorable P. Kevin Castel
March 21, 2017
Page 2

they provide no explanation for why this makes it appropriate to place this case first in the briefing queue and to delay briefing in the *Horowitz*, *Church*, and *Chamblee* actions.

    Moreover, while the underlying theories in each action are substantially similar, the complaints are not factually identical. The *Chamblee* case is brought on behalf of shareholders in TerraForm Power ("TERP"). SunEdison provided services to TERP pursuant to a management services agreement, and was TERP's parent company and controlling shareholder. The amended complaint in that case, which will be filed later this week and defendants have yet to see, alleges that SunEdison's internal control deficiencies over its financial reporting rendered TERP's internal control over financial reporting materially deficient and TERP incapable of producing accurate financial statements, given the companies' relationship pursuant to the agreement. It further alleges that defendants knew but failed to disclose that SunEdison's liquidity problems caused significant risk to TERP's stated growth strategy. Finally, it alleges that TERP failed to disclose that SunEdison forced TERP to pay for expenses and prepayments that TERP had no obligation to pay, which further masked SunEdison's liquidity problems and caused significant risk to TERP's stated growth strategy. The *Church* action, which is brought on behalf of shareholders of Vivint Solar, alleges that SunEdison's misrepresentations about its sound internal controls and strong liquidity falsely assured Vivint shareholders that SunEdison had the financial wherewithal to complete its acquisition of Vivint, but that Vivint ultimately was forced to terminate the deal because of SunEdison's inability to fund the deal.

    Defendants state that the *Chamblee* and *Church* actions "rely heavily" on *Horowitz*, but the operative *Church* complaint alleges, and the amended *Chamblee* complaint to be filed alleges, numerous additional facts and confidential witness statements that are not alleged in the *Horowitz* action. As such, any ruling by the Court in the *Terraform Global IPO* or *Horowitz* actions would not be binding on the *Chamblee* and *Church* actions, especially with respect to whether the parties' respective complaints satisfy the PSLRA requirements of pleading falsity and scienter with particularity. Indeed, the Court should have the benefit of the briefing in all of the actions before ruling on the respective motions to dismiss.

    For these reasons, it would be most efficient to brief motions to dismiss in the *Usenko, Terraform Global IPO, Horowitz, Church*, and *Chamblee* actions simultaneously, as was done with Defendants' pre-motion letters.

{00234629;6 }

# POMERANTZ LLP

The Honorable P. Kevin Castel
March 21, 2017
Page 3

Dated: March 21, 2017
New York, New York

Respectfully submitted,

**POMERANTZ LLP**

By: /s/ *Jeremy A. Lieberman*
Jeremy A. Lieberman
Murielle J. Steven Walsh
Brenda Szydlo
Jennifer Banner Sobers
Aatif Iqbal
600 Third Avenue, Floor 20
New York, New York 10016
Phone: 212-661-1100
Fax: 917-463-1044
jalieberman@pomlaw.com
mjsteven@pomlaw.com
bszydlo@pomlaw.com
jbsobers@pomlaw.com
aiqbal@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Phone: 312-377-1181
Fax: 312-377-1184
pdahlstrom@pomlaw.com

*Additional Counsel*:

**THE ROSEN LAW FIRM**
Laurence Rosen
Phillip Kim
Sara Fuks
Jonathan Horne
275 Madison Avenue, 34th Floor
New York, NY 10016
Phone: 212-686-1060
lrosen@rosenlegal.com
pkim@rosenlegal.com
sfuks@rosenlegal.com



The Honorable P. Kevin Castel
March 21, 2017
Page 4

jhorne@rosenlegal.com

**Attorneys for Lead Plaintiffs and the Proposed Classes**