**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Dennis J. Herman
dennish@rgrdlaw.com

March 27, 2018

<u>VIA ECF</u>

Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *In re SunEdison, Inc. Sec. Litig.*, No. 16-md-02742-PKC
     (Case Nos. 1:16-cv-08006-PKC ("*Cobalt*"); 1:16-cv-08032-PKC ("*Glenview*");
     1:16-cv-07428-PKC ("*Omega*"); and 1:16-cv-08204-PKC ("*VMT II*"))

Dear Judge Castel:

  We write to briefly respond to the letters from the SunEdison Class plaintiffs ("*Horowitz*") and defendants regarding discovery in the MDL (ECF Nos. 318-319) and to clarify some of the points made therein.[1]

  It is not true that our clients "refuse to be coordinated" with Class discovery. ECF No. 318 at 2. When counsel in the *Horowitz* case contacted us, we told them only that the PSLRA discovery stay currently barred our participation in discovery so we did not believe coordination was possible at that time. While we told the Class plaintiffs we would not oppose their attempts to start discovery on their claims, we also asked them to contact us again if any formal proposals for coordinated discovery were advanced. We heard nothing further from either side until the recent exchange of letters to the Court (including during our discussions with defendants on the deadlines for amending and responding to our clients' complaints).

  We do object to defendants' proposal that the *Horowitz* plaintiffs be designated lead plaintiffs for purposes of directing and coordinating discovery in our clients' cases. ECF No. 319 at 4. As a result of the Court's order on the motions to dismiss the Class case, the primary claims remaining in that case are the Securities Act of 1933 ("Securities Act") claims arising from the SUNE's preferred stock offering on August 18, 2015. Those claims were initially brought by our clients in California state court, and only added to the Class case as an afterthought months later,

---

[1] We represent the plaintiffs in Case Nos. 1:16-cv-08006-PCK ("*Cobalt*"), 1:16-cv-08032-PKC ("*Glenview*"), 1:16-cv-07428-PKC ("*Omega*") and 1:16-cv-08204-PKC ("*VMT II*"), each of which remains pending in the SunEdison ("SUNE") MDL proceeding.

1401218_1

One Montgomery Street Suite 1800 San Francisco, CA 94104 Tel 415 288 4545 Fax 415 288 4534 www.rgrdlaw.com

Robbins Geller
Rudman & Dowd LLP

Hon. P. Kevin Castel
March 27, 2018
Page 2

and long after lead plaintiff motions were filed and decided in that case.[2] The lead plaintiff in the Class case does not have standing to pursue those claims, as it did not purchase any shares in or traceable to the SUNE Preferred offering. The "named plaintiff" added to the Class case by amendment purchased relatively few shares in that offering, all in the aftermarket, and has a far, far smaller financial interest than our clients (or, apparently, the other institutional opt out claimants), most of whom purchased shares directly in the offering. *See, e.g.*, ECF No. 38 at 6 (reflecting that the *Cobalt*, *Glenview* and *Omega* plaintiffs collectively purchased 100,000 SUNE Preferred shares for more than $100 million, whereas the federal class plaintiff purchased 840 SUNE Preferred shares for $840,000).

Defendants' proposal to appoint *Horowitz* plaintiffs to lead discovery (an action the Class plaintiffs neither sought nor, apparently, support) appears to be a tactical ploy designed to deprive our clients of the right to direct discovery in their own cases. Given defendants' desire to start coordinated discovery, we suggest that the best course of action to follow to avoid unnecessary delay is to: (i) immediately lift the PSLRA discovery stay in our clients' cases, as it is clear those claims will proceed to discovery whether or not defendants attempt to dismiss them; (ii) appoint our firm as lead counsel for purposes of directing and coordinating discovery of Securities Act claims; and (iii) appoint *Horowitz* counsel as lead counsel for purposes of directing and coordinating discovery of the remaining claims under the Securities Exchange Act of 1934.

We are available at the Court's convenience to further discuss any of these issues.

Sincerely,

Dennis J. Herman

cc:     All Counsel of Record (via ECF)

---

[2]  *Cobalt*, *Glenview* and *Omega* initiated their actions in March 2016. Class counsel added a new plaintiff and first asserted those claims in the class case on June 22, 2016, in a complaint that was plainly modeled after the claims originally asserted by our clients. *See* ECF No. 38 at 6 n.4. Other institutional investors subsequently filed additional opt out cases raising Securities Act claims that were similarly modeled on the claims originally asserted by our clients.

1401218_1