WILMERHALE

April 23, 2018

Michael G. Bongiorno

+1 212 937 7220 (t)
+1 212 230 8888 (f)
michael.bongiorno@wilmerhale.com

Honorable P. Kevin Castel
United States District Judge
US District Court – Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY  10007-1312

Re: *In re SunEdison Inc., Securities Litigation*, 16-md-02742-PKC; *In re TerraForm Global, Inc.*, No. 16-cv-07967-PKC (the "Global IPO Class Action")

Dear Judge Castel:

I write on behalf of TerraForm Global, Inc. ("Global") to request that the Court continue the settlement fairness hearing presently scheduled for April 27, 2018 at 2:30 to a later date to be determined.

On April 19, 2018, Plaintiffs contacted the Court to request an adjudication of seven purported opt outs from the class settlement.  In response, the Court entered an Order to Show Cause (MDL Dkt. No. 343) requiring the purported opt outs to appear for a hearing on April 27, 2018 at 2:00 p.m.  With respect to the issue of opt out validity, Global takes no position.  Section 7.1 of the Stipulation of Settlement provides that the Claims Administrator, under the supervision of Plaintiffs' counsel and the Court, shall administer the settlement, and Section 7.4 provides that Defendants shall not be involved.

However, the Court's decision concerning the validity of the opt outs will impact whether Global has the right to terminate the settlement pursuant to Section 10.6 of the Stipulation of Settlement.  Section 10.6 provides that, if valid opt outs exceed a confidential threshold percentage specified in a Supplemental Agreement, then Global may terminate the settlement.[1]  The trading charts submitted by the Atlas and the Balyasny Funds reflect at least 8.4 million shares of Global common stock eligible to recover damages.  When compared with the shares of Global common stock eligible to recover damages, those 8.4 million shares easily exceed the confidential threshold percentage.  Thus, if the Atlas and Balyasny Fund opt outs are determined by the Court to be valid, then Global's position is that it will have the right to terminate the settlement.  Global understands that Plaintiffs disagree with that position.

---

[1] Because the threshold percentage is confidential (*see* Stipulation of Settlement § 10.6), Global will avoid disclosing it in this submission, or disclosing detailed calculations that would permit a reader to determine it.

Honorable P. Kevin Castel
April 23, 2018
Page 2

**WilmerHale**

Given that the validity of the opt outs will not be decided until, at soonest, the afternoon of April 27, Global respectfully submits that the fairness hearing scheduled for that same date should be continued, so that the parties will have time to consider the Court's decision concerning the validity of opt outs, including whether, in light of that decision, the termination threshold has been met, and to schedule and prepare for such further proceedings as are necessary and appropriate.  For instance, if the Court determines that the opt outs are invalid, then the parties can contact the Court to promptly reschedule the fairness hearing.  If, on the other hand, the Court determines that some or all of the opt outs are valid, then each party will need time to assess the impact on the settlement; if Global concludes that the valid opt outs exceed the confidential termination threshold, then the parties may contact the Court to schedule proceedings to adjudicate Global's right to terminate the settlement.

Accordingly, Global respectfully requests that the Court continue the fairness hearing, to a date to be rescheduled following decision on the Order to Show Cause.  I am available should the Court have any questions.

                                                                        Respectfully submitted,

cc: All counsel of Record (via ECF)      By:   /s/ Michael Bongiorno
                                                                         Michael Bongiorno