# KASOWITZ  BENSON  TORRES LLP

|  | 1633 BROADWAY | ATLANTA |
|---|---|---|
|  |  | HOUSTON |
| ANDREW K. GLENN | NEW YORK, NEW YORK 10019 | LOS ANGELES |
| DIRECT DIAL: (212) 506-1747 | (212) 506-1700 | MIAMI |
| DIRECT FAX: (212) 835-5047 |  | NEWARK |
| AGLENN@KASOWITZ.COM | FAX: (212) 506-1800 | SAN FRANCISCO |
|  |  | SILICON VALLEY |
|  |  | WASHINGTON DC |

June 14, 2019

**By ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *SESL Recovery, LLC v. Deutsche Bank Securities, Inc.*,
              Case Nos. 19-Civ-3286 (PKC), 19-Civ-4126 (PKC), 16-md-2742 (PKC)

Dear Judge Castel:

       Plaintiff SESL Recovery, LLC ("Plaintiff") respectfully submits this response to the letter filed earlier today by Defendant Deutsche Bank Securities, Inc. ("Defendant").

       It is well-settled that a decision remanding a case to state court moots a motion to withdraw the reference, and Defendant cites no cases for a different proposition.  *See In re Reyes*, 2015 WL 4624156, at *2, n.3 (Bankr. S.D.N.Y. Aug. 4, 2015) ("After the Court remanded the state court proceedings, the debtor asked the District Court to withdraw the reference and hear the proceedings that had been remanded. On July 24, 2015, the District Court denied the debtor's motion as moot."); *Bayerische Landesbank v. Deutsche Bank AG (In re Residential Capital, LLC)*, 488 B.R. 565, 572 (Bankr. S.D.N.Y. 2013) ("Granting the motion to remand on a final basis would moot the withdrawal of the reference motion."); *Mugica v. Helena Chem. Co. (In re Mugica)*, 362 B.R. 782, 793 (Bankr. S.D. Tex. 2007) (finding motion to withdraw the reference was moot because remand motion granted); *Balcor/Morristown Ltd. P'ship v. Vector Whippany Assocs.*, 181 B.R. 781, 784-85 (D.N.J. 1995) (same); *see also Traylor v. First Family Fin. Servs., Inc. (In re Traylor)*, 192 B.R. 255 (M.D. Ala. 1995) ("After remand, the district court denied as moot the motion to withdraw the reference.").  Instead, it seeks to obtain an inappropriate procedural advantage that it did not earn once Judge Bernstein remanded the case.

June 14, 2019
Page 2 of 2

It is undisputed that the Bankruptcy Court held there is no subject matter jurisdiction here, and that the Bankruptcy Court entered a final order remanding the case to California state court.  Thus, there is no reference to be withdrawn.  Defendant's motion was rendered moot on May 16, 2019 when Judge Bernstein rendered his decision.[1]

If the Bankruptcy Court's order is overturned on appeal, Plaintiff should have the opportunity to oppose Defendant's Withdrawal Motion, which right it did not waive.[2]

Respectfully submitted,

/s/ Andrew K. Glenn


Andrew K. Glenn

cc:   Adam Hakki, Esq. (by ECF)
      George Adams, Esq. (by ECF)
      Daniel Lewis, Esq. (by ECF)

---

[1] Indeed, Defendant concedes its motion will be moot if the Bankruptcy Court's decision is upheld on appeal.

[2] Defendant's contention that Plaintiff "never responded to a schedule DBSI proposed" is disingenuous. Plaintiff first proposed a briefing schedule on May 14, 2019, and Defendant proposed a slightly modified version on May 16, 2019, *after the Bankruptcy Court rendered its decision remanding the action to California state court when the matter was already moot.*