UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SESL RECOVERY, LLC,

                    Plaintiff,                          16-md-2742 (PKC)
                                                                     19-cv-3286 (PKC)
                                                                     19-cv-4126 (PKC)

               -against-                            ORDER

DEUTSCHE BANK SECURITIES INC.,

                    Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On May 7, 2019, defendant Deutsche Bank Securities, Inc. ("Deutsche Bank") filed a motion before this Court to withdraw the automatic reference of the action brought against it by plaintiff SESL Recovery, LLC ("SESL"). Yesterday, the Court granted the motion in a four-page Order.

        Today, the undersigned learned from SESL that

1. On May 16, 2019, Judge Bernstein of the Bankruptcy Court heard argument on the motion to remand and at the conclusion of the hearing issued a six-page bench ruling granting SESL's motion. Deutsche Bank's counsel did not inform this Court of Judge Bernstein's ruling.

2. On June 3, 2019, Judge Bernstein signed and filed an order remanding the action to California state court. Deutsche Bank's counsel did not inform this Court of the Order.

        If the Court had known of the grant of the motion to remand, it would not have proceeded to adjudicate the motion to withdraw the reference as it did in the four-page Order of

yesterday and the Clerk would not have prepared and entered the Judgment as it did today. The remand of the action to the California state court foreclosed consideration of the motion to withdraw the reference because there is no action in this Court in which a reference may be withdrawn. This conduct on the part of Deutsche Bank's counsel prejudiced the administration of justice by diverting judicial resources away from other pressing judicial matters.

The Court expresses no view on whether, in the absence of a stay of an order of remand, a post-remand appeal of an order of remand is efficacious. There is no indication that Deutsche Bank sought a stay of the May 16 bench ruling or June 3 Order. If it thought it had such a right to appeal, Deutsche Bank still would have been required to inform this Court of the remand ruling and order because prudentially a district court ought not act on a motion to withdraw the reference that is the subject of a Bankruptcy Court's grant of a motion to remand unless or until the order granting remand is vacated or modified.

Let counsel of record for Deutsche Bank show cause in writing by July 8, 2019 why this Court ought not refer them to the Court's Grievance Committee for violation of Rule 8.4(d) of the Rules of Professional Conduct.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 14, 2019