UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: SUNEDISON, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>*Horowitz et al. v. SunEdison, Inc. et al.*,<br>Case No. 1:16-cv-07917-PKC | Civil Action No. 1:16-md-2742-PKC |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
(I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN
OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF
<u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
Max W. Berger
Salvatore J. Graziano
Katherine M. Sinderson
Adam D. Hollander
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 554-1400
Fax: (212) 554-1444
Email: mwb@blbglaw.com
   salvatore@blbglaw.com
   katiem@blbglaw.com
   adam.hollander@blbglaw.com

Dated: October 18, 2019

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

A.    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES ..................................................... 2

B.    THE SOLE CLASS MEMBER OBJECTION TO THE SETTLEMENT IS WITHOUT MERIT AND SHOULD BE REJECTED ........................................................ 5

CONCLUSION ............................................................................................................................... 9

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*,
  2006 WL 903236 (S.D.N.Y. Apr. 6, 2006)..................................................................................4

*Asare v. Change Grp. of N.Y.*,
  2013 WL 6144764 (S.D.N.Y. Nov. 18, 2013)............................................................................5

*In re AT&T Corp. Sec. Litig.*,
  2005 WL 6716404 (D.N.J. Apr. 25, 2005).................................................................................4

*In re Bear Stearns Cos. Sec., Derivative, & ERISA Litig.*,
  909 F. Supp. 2d 259 (S.D.N.Y. 2012).....................................................................................6, 7

*In re Bisys Sec. Litig.*,
  2007 WL 2049726 (S.D.N.Y. July 16, 2007).............................................................................5

*In re Citigroup Inc. Bond Litig.*,
  296 F.R.D. 147 (S.D.N.Y. 2013)................................................................................................4

*In re EVCI Career Colls. Holdings Corp. Sec. Litig.*,
  2007 WL 2230177 (S.D.N.Y. July 27, 2007).............................................................................4

*In re Marsh & McLennan Cos. Sec. Litig.*,
  2009 WL 5178546 (S.D.N.Y. Dec. 23, 2009)............................................................................8

*In re Nat'l Football League Players Concussion Injury Litig.*,
  307 F.R.D. 351 (E.D. Pa. 2015)..................................................................................................8

*In re Rite Aid Corp. Sec. Litig.*,
  396 F.3d 294 (3d Cir. 2005)........................................................................................................5

*Vaccaro v. New Source Energy Partners L.P.*,
  2017 WL 6398636 (S.D.N.Y. Dec. 14, 2017)............................................................................4

*In re Veeco Instruments Inc. Sec. Litig.*,
  2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007)..............................................................................5

*In re Veeco Instruments Inc. Sec. Litig.*,
  2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007)..............................................................................4

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
  396 F.3d 96 (2d Cir. 2005).........................................................................................................3

Lead Plaintiff the Municipal Employees' Retirement System of Michigan ("MERS") and Named Plaintiff Arkansas Teacher Retirement System ("ATRS," and together with MERS, "Plaintiffs"), on behalf of themselves and the Class, and Lead Counsel respectfully submit this memorandum of law in further support of (i) Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation and (ii) Lead Counsel's motion for an award of attorneys' fees and litigation expenses (the "Motions").[1]

## PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in its entirety in exchange for a cash payment of $74 million, with a possible additional recovery of up to $2 million. As detailed in Plaintiffs' and Lead Counsel's opening papers in support of the Motions (MDL ECF Nos. 646-650), the Settlement is the product of more than three years of intense litigation and a protracted, multi-year settlement mediation process that culminated in the parties' acceptance of a mediator's recommendation. The Settlement represents a very favorable result for the Class in comparison to the recovery that could reasonably be expected to be obtained through trial, the substantial challenges that Plaintiffs would have faced in proving liability and establishing loss causation and damages, and the costs and delays of continued litigation. Under the proposed Plan of Allocation, the proceeds of the Settlement will be distributed fairly to Class Members. Finally, the 21% fee request is well within the range of fee percentages awarded in comparable settlements, and represents a "negative" multiplier of approximately 0.86 on Plaintiffs' Counsel's total lodestar.

---

[1] All capitalized terms that are not otherwise defined have the meanings assigned in the Stipulation and Agreement of Settlement, dated July 11, 2019 (MDL ECF No. 631-1) (the "Stipulation") or in the Declaration of Salvatore J. Graziano in Support of (I) Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses, dated September 20, 2019 (MDL ECF No. 650) (the "Graziano Decl.").

The October 4, 2019 deadline for objections has passed, and the reaction of the Class provides additional strong support for approval of the Motions. In response to the Court-approved notice program—which included mailing notice to over 287,000 potential Class Members and nominees—only one Class Member objection to the Settlement was received, and not a single Class Member has objected to any aspect of the Plan of Allocation or Lead Counsel's application for attorneys' fees and expenses. As discussed below, the sole Class Member objection to the Settlement, submitted by Mr. Greg George (MDL ECF No. 662), is without merit and should be rejected by the Court.

## ARGUMENT

**A.   THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES**

Pursuant to the Court's Preliminary Approval Order, more than 287,000 copies of the Settlement Notice Packet have been mailed to potential Class Members and their nominees. *See* Declaration of Richard W. Simmons, dated September 19, 2019 (MDL ECF No. 650-4) (the "Simmons Decl."), at ¶¶ 3-7. The Settlement Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 22% of the Settlement Fund and payment of litigation expenses in an amount not to exceed $2,000,000.[2] *See* Settlement Notice, MDL ECF No. 650-4, Ex. A, at ¶¶ 5, 55. The Settlement Notice also apprised Class Members of their right to object to

---

[2] Lead Counsel are seeking attorneys' fees in the amount of 21% of the Settlement Fund and less than $1,600,000 in expenses. *See* Graziano Decl. ¶¶ 12, 249.

2

the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses, and the October 4, 2019 deadline for filing objections. *Id.* at p. 2 and ¶¶ 58-66.[3]

On September 20, 2019, two weeks before the objection deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, the Plan of Allocation, and the fee and expense application. The Motion papers—which are available on the public docket (*see* MDL ECF Nos. 646-650) and the case website—are supported by, among other things, declarations of the Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, and former U.S. District Court Judge Layn Phillips, who mediated the case and recommended the Settlement.

As noted above, in response to the notice program, only one Class Member submitted an objection to the Settlement. Plaintiffs and Lead Counsel respectfully submit that the Class's overwhelmingly positive reaction further supports a finding that the Settlement is fair, reasonable, and adequate. Indeed, "the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry" into the fairness and adequacy of the Settlement. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *see also id*. at 118 ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.") (citation omitted).

Moreover, although institutional investors held approximately 74% of the SunEdison common stock outstanding during the Exchange Act Class Period and approximately 66% of the SunEdison preferred stock outstanding during the Securities Act Class Period, no institutional investor has objected to the Settlement. The lack of objections from institutional investors—

---

[3] The Summary Settlement Notice, which informed readers of the proposed Settlement, how to obtain copies of the Settlement Notice and Claim Form, and the deadlines for the submission of Claim Forms and objections, was published, pursuant to the Preliminary Approval Order, in the *Wall Street Journal* and transmitted over the *PR Newswire*. *See* Simmons Decl. at ¶ 8. In addition, copies of the Settlement Notice, Claim Form, Preliminary Approval Order, Stipulation, and Complaint were posted on the website dedicated to this Action (www.SunEdisonSecuritiesLitigation.com). *Id.* at ¶ 9.

sophisticated Class Members that possess the resources, financial motivation, and professional acumen to evaluate the Settlement and object if warranted—further underscores the reasonableness of the Settlement. *See In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object"); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) (the reaction of the class supported the settlement where "not one of the objections . . . was submitted by an institutional investor"); *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 2006 WL 903236, at *10 (S.D.N.Y. Apr. 6, 2006) (the lack of objections from institutional investors supported approval of settlement).

The lack of objections from Class Members also supports approval of the Plan of Allocation. *See, e.g In re EVCI Career Colls. Holdings Corp. Sec. Litig.*, 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007) (noting that "[c]ourts… [should] consider the reaction of a class to a plan of allocation" and, where there are no objections, "the Plan of Allocation should be approved"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.") (citation omitted).

Finally, the positive reaction of the Class should also be considered with respect to Lead Counsel's motion for an award of attorneys' fees and litigation expenses. The absence of any Class Member objections to the requested fees and expenses supports a finding that the fee and expense request is fair and reasonable. *See, e.g.*, *Vaccaro v. New Source Energy Partners L.P.*, 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected

4

to these attorneys' fees supports their award."); *Asare v. Change Grp. of N.Y.*, 2013 WL 6144764, at *16 (S.D.N.Y. Nov. 18, 2013) ("not one potential class member has made an objection, a factor held by courts as supporting approval of an attorneys' fees award"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *13 (S.D.N.Y. Nov. 7, 2007) (the reaction of class members to a fee and expense request is "entitled to great weight" by the Court and the absence of any objection suggests that the fee request is "fair and reasonable").

The lack of objections by institutional investors particularly supports approval of the fee request. *See In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (the fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive," and did not do so, supported approval of the fee request); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (lack of objections from institutional investors supported the approval of fee request because "the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

**B.    THE SOLE CLASS MEMBER OBJECTION TO THE SETTLEMENT IS WITHOUT MERIT AND SHOULD BE REJECTED**

Mr. Greg George, a retail investor who purchased 3,175 shares of SunEdison common stock during the Exchange Act Class Period,[4] objects to the Settlement because he believes that the Settlement Amount "should be $315,000,000.00 and based on a longer time period for

---

[4] Mr. George's submission includes pages from an IRS Form 1099-B listing purchases and sales of 4,901 shares of SunEdison common stock. MDL ECF No. 662, at 3, 8, 13, 16-17. Of those shares, 3,175 were purchased during the Exchange Act Class Period and 1,726 were purchased either before or after the Exchange Act Class Period. *Id.* Also, it appears that Mr. George's submission is missing a relevant page from his 1099-B, as page 13 of the form states the total quantity of shares sold to be 5,101, but the list of transactions set forth on pages 10-13 of the form shows purchases and sales totaling just 4,901. *Id.*

5

investors." MDL ECF No. 662, at 1, 14. Mr. George also claims that the Settlement "is not in good faith and not justice for the common shareholders" and requests that the Court award him $100,000.00 for his losses and pain and suffering resulting from his investments in SunEdison stock, notwithstanding the fact that his total recognized claim appears to be approximately $5,000. *Id.* at 2, 4-6, 10-12, 14. Mr. George also objects to the Proof of Claim and Release Form, stating that the Claim Form "isn't accurate" and is "confusing." *Id.* at 1. While Plaintiffs understand Mr. George suffered in connection with his investments in SunEdison stock, each of Mr. George's objections is without merit and should be rejected by the Court.

First, Mr. George provides no basis for his claim that the Settlement Amount should be $315 million, rather than the $74 million recovery (plus a possible additional recovery of up to $2 million) achieved under the Settlement. Courts routinely reject objections like Mr. George's that articulate no basis for the objection. *See, e.g.*, *In re Bear Stearns Cos. Sec., Derivative, & ERISA Litig.*, 909 F. Supp. 2d 259, 264 n.3 (S.D.N.Y. 2012) (conclusory objections "are insufficient to weigh against a finding that the proposed settlement is fair and reasonable, and can be overruled without engaging in a substantive analysis").

Moreover, in light of the significant risks that Plaintiffs faced in this Action, the proposed Settlement Amount is eminently fair, reasonable, and adequate to the Class. As discussed in greater detail in the Settlement Motion, Plaintiffs faced substantial challenges in establishing that, after the Court's decision on the motion to dismiss, the one remaining alleged misstatement for the Exchange Act claims—Defendant Chatila's September 2, 2015 statement concerning the timing of the Company's cash flows—was false when made and was not protected as a forward-looking statement; that Chatila intended to mislead investors when he made the statement; and that the alleged misstatement was the cause of the losses suffered by the Exchange Act Subclass. With

6

respect to the Securities Act claims, Plaintiffs faced significant challenges in overcoming Defendants' negative-causation arguments, which could have reduced damages under the Securities Act by <u>half</u>. Finally, even if Plaintiffs were successful in securing a substantial judgment at trial, it is virtually certain that they would be unable to fully recover on that judgment because Chatila, the sole remaining Exchange Act Defendant, has limited assets and the available insurance coverage was a wasting asset.

<u>Second</u>, the proposed Settlement is the product of a multi-year settlement mediation process that included protracted, arm's-length negotiations between experienced counsel that were well-informed of the risks of continued litigation. The settlement negotiations included three separate in-person mediation sessions, spanning six days, facilitated by highly respected mediators, Judge Layn R. Phillips and Gregory P. Lindstrom of Phillips ADR. Moreover, the Settlement Amount itself is the product of the parties' acceptance of Judge Phillips' mediator's recommendation that the case settle for that amount. Thus, there is no credible argument that the Settlement was not reached in good faith by all parties. *See Bear Stearns*, 909 F. Supp. 2d at 265 (finding a settlement fair where the parties engaged in "arm's length negotiations," including mediation before "retired federal judge Layn R. Phillips, an experienced and well-regarded mediator of complex securities cases").

<u>Third</u>, there is no legal basis for Mr. George's request that the Court award him a $100,000 payment in this case. Based on his documented purchases of SunEdison common stock during the Exchange Act Class Period, the Claims Administrator has determined that Mr. George has an Exchange Act Recognized Claim of $5,252.87 under the Plan of Allocation. Thus, Mr. George's proposed $100,000 payment would provide him with compensation that is approximately <u>nineteen</u> times greater than his total losses resulting from the alleged fraud.

7

Likewise, there is no basis for Mr. George's argument that the Settlement should be "based on a longer time period for investors." While Plaintiffs originally alleged a series of false statements covering a much longer class period beginning on August 7, 2014, in its Order on Defendants' motions to dismiss the Complaint, the Court limited the class period to a single alleged false statement concerning the timing of SunEdison's cash flows that began the class period on September 2, 2015. Consistent with the Court's ruling on Defendants' motions to dismiss, the Court-certified Exchange Act Class Period runs from after the close of trading on September 2, 2015 through the close of trading on April 3, 2016. The Court-certified Securities Act Class Period, on the other hand, runs from the initial offering of SunEdison preferred stock on August 18, 2015 through November 9, 2015, based on the Court's finding in the Class Certification Order that SunEdison's Form 10-Q filed on November 9, 2015 disclosed, in a "clear, unambiguous" way, all previously concealed facts concerning the Margin Call, Margin Loan, and Second-Lien Loan.

<u>Finally</u>, Mr. George's bare assertion that the Claim Form "isn't accurate" and is "confusing" is also without merit. The information that claimants are required to provide in the Court-approved Claim Form, together with adequate supporting documentation, is customary and routine in securities class action settlements, and claimants are not required to provide any more information than is reasonably necessary to verify their membership in the Class and to calculate their recovery. *See, e.g.*, *In re Marsh & McLennan Cos. Sec. Litig.*, 2009 WL 5178546, at \*25 (S.D.N.Y. Dec. 23, 2009) (holding that requiring class members to submit transaction information "comport[ed] with the long-approved procedures for the efficient management of class-action settlement distributions" and noting that "[w]ithout that necessary information, the Claims Administrator could not calculate claimants' distributions"); *see also In re Nat'l Football League Players Concussion Injury Litig.*, 307 F.R.D. 351, 414-16 (E.D. Pa. 2015) (rejecting objection that

8

"the claims process [was] unduly burdensome" and recognizing that "Class members must usually file claims forms providing details about their claims and other information needed to administer the settlement").

## CONCLUSION

For the foregoing reasons and the reasons set forth in Plaintiffs' and Lead Counsel's opening papers, they respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and litigation expenses. Copies of the (i) proposed Judgment Approving Class Action Settlement; (ii) proposed Order Approving Plan of Allocation of Net Settlement Fund; and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are being filed herewith.

Dated:  October 18, 2019                                         Respectfully submitted,

/s/ *Salvatore J. Graziano*
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Max W. Berger
Salvatore J. Graziano
Katherine M. Sinderson
Adam D. Hollander
1251 Avenue of the Americas
New York, New York 10020
Tel:  (212) 554-1400
Fax:  (212) 554-1444
Email: mwb@blbglaw.com
           salvatore@blbglaw.com
           katiem@blbglaw.com
           adam.hollander@blbglaw.com

*Lead Counsel for Plaintiffs*
*and the Class*

9

## **CERTIFICATE OF SERVICE**

      I, Salvatore J. Graziano, an attorney, hereby certify that a copy of the foregoing Reply Memorandum of Law in Further Support of (I) Plaintiffs' Motion for Final Approval of Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Reply Brief") was served on counsel for all parties electronically via the CM/ECF system on October 18, 2019.

      A copy of the Reply Brief is also being served by regular U.S. Mail on Objector Greg George at the address set forth in his objection.

Dated:  October 18, 2019                By:    /s/ *Salvatore J. Graziano*
                                                            Salvatore J. Graziano

#1326774