UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE: SUNEDISON, INC. SECURITIES LITIGATION<br><br>This Document Applies To:<br><br>*In re TerraForm Global, Inc. Securities Litigation*, No. 1:16-cv-07967-PKC, and consolidated cases | No. 1:16-md-02742 (PKC) (RWL) |

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION TO APPROVE MODIFICATIONS TO THE CLASS
ACTION SETTLEMENT AND TO PROVIDE SUPPLEMENTAL NOTICE

EXHIBIT B

WHEREAS, (i) the Lead Plaintiff Pyramid Holdings, Inc., on behalf of itself and on behalf of the Settlement Class and plaintiffs Iron Workers Mid-South Pension Fund and Simon Fraser (collectively, "the Plaintiffs"), (ii) Defendant TerraForm Global, Inc. ("Global" or the "Company"), (iii) Defendants Ahmad Chatila, Carlos Domenech Zornoza, Jeremy Avenier, Martin Truong, Brian Wuebbels, and (iv) Defendants J.P. Morgan Securities LLC, Barclays Capital Inc., Citigroup Capital Markets, Inc., Morgan Stanley & Co. LLC, Goldman, Sachs & Co. (n/k/a Goldman Sachs & Co. LLC), Merrill Lynch, Pierce, Fenner & Smith Incorporated (n/k/a BofA Securities, Inc.), Deutsche Bank Securities Inc., BTG Pactual US Capital LLC, Itaú BBA USA Securities, Inc., SMBC Nikko Securities America, Inc., SG Americas Securities, LLC, and Kotak Mahindra Inc., have entered into a Settlement Modification Agreement dated September 19, 2019 (the "Settlement Modification Agreement"), which modifies some of the terms of the Stipulation and Agreement of Settlement dated December 14, 2017 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed Settlement and dismissal of the class action pending before the Court styled as *In re TerraForm Global, Inc. Securities Litigation,* Case No. 1:16-cv-07967 (S.D.N.Y.) (the "Action"); and the Court having previously granted preliminary approval of the proposed Settlement as provided for in the Stipulation (ECF No. 269[1]), and having read and considered the Stipulation and the exhibits thereto and the Settlement Modification Agreement, and the exhibits thereto, and submissions made relating thereto, and finding that substantial and sufficient

---

[1] References to "ECF No." are to the docket for *In re: SunEdison, Inc. Sec. Litig.,* No. 1:16-md-02742 (PKC) (S.D.N.Y.) unless stated otherwise.

EXHIBIT B

grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 25th day of October, 2019, *PKC*

that:

1.      This Order incorporates by reference the definitions in the Stipulation, as modified by the Settlement Modification Agreement, and in the Settlement Modification Agreement, and all capitalized terms used herein shall have the same meanings as set forth therein.  References to the Settlement and Stipulation mean the Settlement and Stipulation as modified by the Settlement Modification Agreement.

2.      The Court finds that (a) the Settlement Modification Agreement resulted from good faith, arm's-length negotiations, and (b) the Settlement Modification Agreement is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing Supplemental Notice of the modifications to the Settlement to Purported Claimants (as defined in the Settlement Modification Agreement) and holding a Settlement Hearing.

3.      The Court hereby preliminarily approves the modifications to the Settlement, as contained in the Settlement Modification Agreement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on February 21, (2020) 2019 at 2 :00 p.m. for the following *PKC* purposes:

(a)      to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b)      to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to determine finally whether the Final Judgment, as provided under the Settlement Modification Agreement, should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Stipulation;

(d)     to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to consider the application of Class Counsel for an award of attorneys' fees and the reimbursement of expenses and an Award to Plaintiffs;

(f)     to consider, if not previously ruled on, Purported Claimants' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Purported Claimants (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Settlement Hearing; and

(g)     to rule upon such other matters as the Court may deem appropriate.

4.      The Court reserves the right to adjourn the Settlement Hearing to a later date and/or time and to approve the Settlement without further revisions, or with such further revisions as may be agreed to by the Settling Parties, and with or without further notice of any kind. The Court further reserves the right to enter its Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

EXHIBIT B

5.     The Court approves the form, substance and requirements of the Supplemental Notice, which is attached as Exhibit C to the Settlement Modification Agreement.

6.     Class Counsel has the authority to enter into the Settlement on behalf of the Settlement Class and has the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

7.     The Claims Administrator shall supervise and administer the mailing of the Supplemental Notice and post the Supplemental Notice on the website it created and maintains for this Settlement.

8.     Class Counsel, through the Claims Administrator, shall cause the Supplemental Notice, substantially in the form annexed as Exhibit C to the Settlement Modification Agreement, to be mailed, by first class mail, postage prepaid, within thirty (30) days of the entry of this Order, to all Purported Claimants.

9.     Class Counsel shall, at least fourteen (14) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of the mailing of the Supplemental Notice as required by this Order.

10.     Class Counsel, through the Claims Administrator, shall cause the Settlement Modification Agreement, the exhibits to the Settlement Modification Agreement, this Order and a copy of the Supplemental Notice to be posted on the website the Claims Administrator created and maintains for this Settlement within thirty (30) days after entry of this Order.

11.     The forms and methods set forth herein, and the forms and methods previously provided pursuant to this Court's Order Granting Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 269), of notifying the Settlement

EXHIBIT B

Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

12.    The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application from Purported Claimants, provided, however, that no Purported Claimant shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Final Judgment, or any other order relating thereto, including the Plan of Allocation and/or the Fee and Expense Application, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least twenty-one (21) calendar days prior to the Settlement Hearing date:

CLASS COUNSEL:

Jack G. Fruchter
ABRAHAM, FRUCHTER & TWERSKY, LLP
One Penn Plaza, Suite 2805
New York, NY 10119

COUNSEL FOR DEFENDANTS:

Michael G. Bongiorno, Esq.
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007

Sara B. Brody
SIDLEY AUSTIN LLP
555 California Street, Suite 2000

EXHIBIT B

San Francisco, California 94104

Adam S. Hakki
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069

Kevin J. O'Connor
HINCKLEY ALLEN & SNYDER LLP
28 State Street
Boston, MA 02109

and that Person has (at least twenty-one (21) calendar days prior to the Settlement Hearing date) mailed a letter (and any other papers and briefs) stating that you object to the Settlement in the matter of *In re TerraForm Global, Inc. Securities Litigation*, 1:16-cv-07967-PKC (S.D.N.Y.), showing due proof of service upon counsel identified above, to the Clerk of the Court, U.S. District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007. To be valid, any such objection must contain (1) the Purported Claimant's name, address, and telephone number, (2) a list of all purchases and sales of Global Common Stock in order to show the Purported Claimant's membership in the Settlement Class, and a copy of the timely Proof of Claim submitted to the Claims Administrator, (3) all grounds for the objection, including any legal and evidentiary support known to the Purported Claimant and/or his, her, or its counsel, (4) the name, address and telephone number of all counsel, if any, who represent the Purported Claimant, including former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times the Purported Claimant and/or his, her, or its counsel has filed, authorized or approved an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in

6

opposition to the approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Purported Claimants do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

13.     Any Purported Claimant who does not object in the manner prescribed above shall: (i) be deemed to have waived all such objections; (ii) forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; (iii) be bound by all the terms and provisions of the Stipulation, and by all proceedings, orders and judgments in the Action; and (iv) be foreclosed from appealing from any judgment or order entered in this Action.

14.     All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than twenty-eight (28) calendar days before the Settlement Hearing.

15.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

16.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and the Fee and Expense Application shall be approved.

17.     All reasonable expenses incurred in mailing the Supplemental Notice to Purported Claimants, as well as all other Administrative Costs as defined in the Settlement Modification Agreement, shall be paid from the Settlement Fund as set forth in the Stipulation. In the event

the Settlement is not finally approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor any of Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund.

18.     In the event the Settlement is not finally approved or consummated in accordance with the terms of the Stipulation, as modified by the Settlement Modification Agreement, then the Settlement Modification Agreement and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Modification Agreement or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person for any purpose against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to July 1, 2019, pursuant to the terms of the Settlement Modification Agreement, and they shall proceed in all respects as if the Settlement Modification Agreement had not been executed and related orders or judgments had not been entered (including, without limitation, this Order and the Final Judgment (in the form attached as Exhibit A to the Settlement Modification Agreement), with each to be deemed following such termination as vacated, *nunc pro tunc*), and in the event of such termination all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice in accordance with the terms of the Settlement Modification Agreement.

19.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 3 above. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of,

EXHIBIT B

or relating to, the Stipulation, including by way of illustration and not limitation, any dispute

concerning any Proof of Claim submitted and any future requests by one or more of the Parties

that the Final Judgment, the releases and/or the permanent injunction set forth in the Stipulation

be enforced. *Motion (Doc 657) is Granted and terminated .*

Dated: *10 · 25*, 2019

_____
HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

9

# EXHIBIT C

EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|                                                    |   |                              |
|----------------------------------------------------|---|------------------------------|
| IN RE: SUNEDISON, INC. SECURITIES LITIGATION       | ) | No. 1:16-md-02742 (PKC) (RWL) |
| This Document Applies To:                          | ) |                              |
| *In re TerraForm Global, Inc. Securities Litigation*, No. 1:16-cv-07967-PKC, and consolidated cases | ) |                              |

## SUPPLEMENTAL NOTICE REGARDING
## MODIFICATIONS TO THE PROPOSED CLASS ACTION SETTLEMENT

**TO:  All purchasers of TerraForm Global, Inc. ("Global" or the "Company") Common Stock in or traceable to Global's initial public offering ("IPO"), who timely submitted a Proof of Claim form to participate in the proposed class action settlement (the "Settlement") and have been determined to be a Purported Claimant by the Claims Administrator.**

You are receiving this Supplemental Notice Regarding Modifications to the Proposed Class Action Settlement (the "Supplemental Notice") because you timely submitted a claim to the Claims Administrator to participate in the Settlement that has either been accepted as valid or been found to be deficient, but is capable of being cured by the submission of additional information.  This Supplemental Notice is being provided to inform you that the proposed Settlement terms, which were included in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") that was previously mailed to Settlement Class Members, have been modified as described below and to inform you of the new date and time for the hearing at which the Court will consider the fairness of the proposed Settlement, as modified by the Settlement Modification Agreement dated September 19, 2019 (the "Settlement Modification Agreement").

This Supplemental Notice supplements the Notice that was previously provided.  A copy of the Notice is available on the website established in connection with the Settlement of this Action at www.TerraFormGlobalLitigationSettlement.com.  The information contained in the Notice still applies unless superseded by information contained in this Supplemental Notice.

*Under law, a federal court has authorized this Supplemental Notice.  This is not attorney advertising.*

1

EXHIBIT C

- If approved by the Court, the Settlement will provide forty-eight million seven hundred fifty thousand dollars ($48,750,000) (the "Settlement Amount") gross, plus interest that accrues from the time Final Judgment is entered, minus attorneys' fees, expenses, costs, administrative expenses, Plaintiff awards and net of any taxes on interest, to pay valid claims of Class Members. The Court will hold a Settlement Hearing on _____, 2019 to decide whether to approve the Settlement.

- Your recovery will depend on the number of shares of Global Common Stock you purchased and sold, the dates of those purchases and sales, and the prices at which you, and other Class Members who filed valid claims, purchased and sold those shares. Based on the claims submitted, if all deficient claims are cured, the estimated average recovery per share of Common Stock will be approximately $0.58 per share of the total number of shares of Global Common Stock that may potentially be part of valid claims before deduction of Court-approved fees, expenses and awards, and costs of notice and claims administration.  This estimate solely reflects the average recovery per share of Global Common Stock based on the claims submitted.  This is not an estimate of the actual recovery per share you should expect. The actual amount per share you receive will depend on a number of factors, including the number of shares that were submitted with deficiencies that are cured and other factors that are explained in the Plan of Allocation described in the Notice.

- Attorneys for Plaintiffs ("Plaintiffs' Counsel") have not received any payment for their work or reimbursement for expenses incurred in investigating the facts, conducting this litigation and negotiating the Settlement on behalf of the Plaintiffs and the Class. Plaintiffs' Counsel intends to ask the Court to award them fees of up to 25% of the Settlement Amount ($12,187,500), reimbursement of litigation expenses paid or incurred of no more than $475,000 and an Award to Plaintiffs collectively not to exceed $15,000. Based on the claims submitted, if all deficient claims are cured, the attorneys' fees and expenses and Award to Plaintiffs are estimated to average $0.15 per share of the total number of shares of Global Common Stock that may potentially be part of valid claims. If approved by the Court, these amounts will be paid from the  Settlement Fund.

- Based on the claims submitted, if all deficient claims are cured, the approximate recovery, after deduction of attorneys' fees, Plaintiff awards and expenses approved by the Court, is an average of $0.43 per share of the total number of shares of Global Common Stock that may potentially be part of valid claims. This estimate is based on the assumption that the maximum amounts set forth in the preceding paragraph will be awarded. Your actual recovery, if any, depends on the aggregate losses of all Settlement Class Members with valid claims, the date(s) you purchased and sold Global Common Stock, the purchase and sales prices, the number of shares purchased and the amount of losses incurred.

- The Settlement resolves the Action (defined below) concerning whether defendants (i) Global, (ii) Ahmad Chatila, Carlos Domenech Zornoza, Jeremy Avenier, Martin Truong, Brian Wuebbels (the "Individual Defendants"), and (iii) J.P. Morgan Securities LLC, Barclays Capital Inc., Citigroup Capital Markets, Inc., Morgan Stanley & Co. LLC, Goldman, Sachs & Co. (n/k/a Goldman Sachs & Co. LLC), Merrill Lynch, Pierce, Fenner

EXHIBIT C

& Smith Incorporated (n/k/a BofA Securities, Inc.), Deutsche Bank Securities Inc., BTG Pactual US Capital LLC, Itaú BBA USA Securities, Inc., SMBC Nikko Securities America, Inc., SG Americas Securities, LLC, and Kotak Mahindra Inc. (the "Underwriter Defendants") (collectively with Global and the Individual Defendants, the "Defendants"), violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in the Registration Statement filed with the U.S. Securities and Exchange Commission in connection with Global's IPO. More details and information about the Action were provided in the Notice and you are referred to that document for those details and additional information.

- Your legal rights may be affected by this Action and the Settlement. Therefore, you should read this Supplemental Notice carefully.

**AS A CLASS MEMBER WHO TIMELY SUBMITTED A CLAIM, YOU DO NOT NEED TO TAKE ANY FURTHER ACTION TO BE ELIGIBLE TO PARTICPATE IN THE SETTLEMENT UNLESS THE CLAIMS ADMINISTRATOR CONTACTS YOU TO PROVIDE IT WITH ADDITIONAL INFORMATION**

### UPCOMING RELEVANT DATES

| OBJECT NO LATER THAN _____ __, 2019 | Write to the Court about why you do not like the Settlement. |
|---|---|
| GO TO A HEARING ON _____ __, 2019 | Ask to speak in Court about the fairness of the Settlement. |
| | |

### INQUIRIES

**Please do not contact the Court regarding this Supplemental Notice.** All inquiries concerning this Supplemental Notice, the Notice, Proof of Claim you previously submitted, or any other questions by Settlement Class Members should be directed to:

In re TerraForm Global, Inc. Litigation
c/o Epiq
P.O. Box 10539
Dublin, Ohio 43017-4539
(888) 684-5070

or

EXHIBIT C

ABRAHAM, FRUCHTER & TWERSKY, LLP
One Penn Plaza, Suite 2805
New York, NY 10119
Tel: (212) 279-5050
Fax: (212) 279-3655

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement dated December 14, 2017 (the "Stipulation"), as modified by the Settlement Modification Agreement, the Settlement Modification Agreement or the Notice. References herein to the Settlement and Stipulation refer to the Settlement and Stipulation as modified by the Settlement Modification Agreement.

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1. **Why did I get this Supplemental Notice?**

   You are being sent this Supplemental Notice because you or someone in your family or someone on your behalf timely submitted a claim to participate in the Settlement and either the Claims Administrator has deemed your claim to be valid or there is a deficiency in your claim that can be cured by the submission of additional information. If your claim has a deficiency, the Claims Administrator will contact you if the Settlement is approved by the Court.

2. **What does this Supplemental Notice provide?**

   This Supplemental Notice describes the modifications made to the Settlement as a consequence of the Settlement Modification Agreement, the facts, circumstances, and disputes that gave rise to the Settlement Modification Agreement, the possible consequences of not having reached an agreement concerning modifications to the Settlement and/or the Settlement, as modified, not being approved, the date of the Court hearing regarding the fairness of the Settlement, and what actions you may take. Because you already submitted a claim, you do not need to take any further action unless you are contacted by the Claims Administrator.

EXHIBIT C

3. **What is this lawsuit about?**

The case is known as *In re TerraForm Global, Inc. Securities Litigation*, 1:16-cv-07967-PKC (S.D.N.Y.) (the "Action"). The Court responsible for this case is the United States District Court for the Southern District of New York. A description of the Action can be found in the Notice. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, whether known or unknown, concerning the facts and circumstances alleged in the applicable complaint in this Action.

4. **Why was the Settlement modified?**

After notice of the Action and the Settlement, as originally agreed on, was provided to the Class, two groups of funds elected to exclude themselves from the Class (the "Opt-Out Funds"). The Opt-Out Funds submitted trading records showing purchases of approximately 8.5 million shares of Global Common Stock that incurred losses and would have otherwise been part of the Class, thereby diminishing the aggregate amount of damages suffered by the Settlement Class. Pursuant to paragraph 10.6 of the Stipulation and a separate agreement entered into by the Settling Parties contemporaneously with the Stipulation, Global asserted a right to terminate the Settlement based on the number of Global shares purchased by the Opt-Out Funds that incurred losses. Plaintiffs disagreed with Global as to whether the Opt-Out Funds' shares with losses were of a sufficient number to provide Global with the option to terminate the Settlement as provided by paragraph 10.6 of the Stipulation.

As the Settling Parties were disputing whether Global could terminate the Settlement, the Opt-Out Funds filed their own lawsuit against Global and the Individual Defendants in the Circuit Court of Montgomery County, Maryland, asserting damages in excess of $50 million based on their purchases of Global Common Stock. While that litigation proceeded, the Plaintiffs and Global vigorously debated the issue of whether Global had the right to terminate the Settlement based on the Opt-Out Funds' shares and litigated that issue over the course of approximately fifteen months. The Plaintiffs and Global each filed motions seeking a Court ruling in favor of their position regarding whether Global had the right to terminate the Settlement, accompanied by memorandum in support and expert reports. They also each filed papers in opposition to each other's motions and replies in

EXHIBIT C

further support. After the issue was fully briefed, the Court ruled that the issue was not yet ripe for decision as the motions sought an advisory opinion from the Court as to whether Global had the right to terminate the Settlement.

Prior to that Court ruling and while Plaintiffs and Global were litigating the termination issue, they also made periodic attempts to resolve their dispute and modify the Settlement terms, including conducting a mediation session and follow-up negotiations supervised by an experienced mediator, who previously helped the Settling Parties agree on the original Settlement terms. During those negotiations, Global contended, among other assertions, that the value of the Action had been diminished because the Opt-Out Funds were no longer part of the Class and thus aggregate Class damages were lower and, accordingly, the Settlement Fund should be similarly reduced by the Opt-Out Funds' portion of aggregate Class damages. Global further claimed that decisions rendered by the Court in litigation involving Global's sponsor, SunEdison, Inc., arising from somewhat similar facts, were applicable to this Action and, if applied to the extent the case proceeds, would restrict the time period for which damages could be recovered by the Class, greatly reducing the Class' aggregate damages and the value of this Action. Global also claimed that Court rulings increased the likelihood that Defendants would not be found liable, further decreasing the value of the Action. After many such negotiations did not result in an agreement, the Settling Parties were able to agree on terms that modified the Stipulation, as reflected in the Settlement Modification Agreement.

The Settling Parties do not agree as to how the issue of whether Global had the right to terminate the Settlement would have been resolved if determined by the Court and do not agree as to what would have happened if the Settlement had been terminated. Even if Plaintiffs had prevailed and the Court decided that the Settlement could not be terminated, Defendants may have appealed that decision, resulting in a long delay before Class Members would receive the benefits of the Settlement even if the appeal was denied. If Global had been allowed to terminate the Settlement, Defendants insist that they would have been able to successfully defend against Plaintiffs' claims based on arguments and positions enhanced by the Court's recent decisions, and that even if Plaintiffs were

EXHIBIT C

successful in demonstrating Defendants' liability, the amount of damages at issue would be much lower than Plaintiffs claimed for the reasons stated above and would warrant a far lower settlement amount than is being provided under the Settlement, as modified.

While Plaintiffs disagreed with Defendants' contentions about the strength of their claims, they recognized the risks involved and that at least some of the factors listed above diminished the recoverable and settlement value of the Action to the extent the Action continued to be litigated toward a trial. Plaintiffs and Plaintiffs' Counsel therefore agreed to the modifications to the Settlement and believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation, including the risk that Global would be able to terminate the Settlement, and the nature of the defenses and arguments raised by the Defendants.

If the Court does not grant final approval of the Settlement (as modified by the Settlement Modification Agreement) and does not enter the Final Judgment, litigation would resume as if an agreement had not been reached. Global may then be able to successfully terminate the Settlement, and the Parties would be back litigating the Action and all the risks previously identified in the Notice would exist with additional risks based on Court rulings that could reduce damages and make a finding of liability more challenging in addition to lower aggregate damages resulting from the Opt-Out Funds' exclusion from the Class. Moreover, if litigation continued, any recovery obtained by Plaintiffs may not be realized for years. The Settlement permits Plaintiffs to avoid the cost and uncertainty of continued litigation and ultimately a trial, and permits eligible Class Members who have valid claims to receive compensation without further risk and extended delay.

5. **How does the Settlement Modification Agreement modify the Settlement**

The Settlement Modification Agreement reduces the amount of the Settlement Fund from $57,000,000 to $48,750,000. Most of this reduction is based on the amount of the Settlement that would have been paid to the Opt-Out Funds if they had remained in the Class and participated in the Settlement, and the originally requested attorneys' fees associated with that amount. The Opt-Out Funds have asserted damages in excess of $50

EXHIBIT C

million based on their purchases of Global Common Stock and those damages are no longer part of the Class' claimed aggregate damages. The other primary modifications to the Settlement are that: 1) the net interest earned on the Settlement Fund until the time the Court grants approval of the Settlement and a Final Judgment is entered will be paid to Global because if Global had terminated the Settlement, as it claimed was its right, that net interest was earned on funds that belonged to Global, which would have been returned to it; and 2) because the Parties have had an additional fifteen months of litigation since the time the dispute about the right to terminate the Settlement began, which included the necessity of Plaintiffs' retaining experts regarding that issue, additional expenses have been incurred and Plaintiffs' Counsel will seek reimbursement of expenses they already paid or incurred in an amount of up to $475,000 rather than the $350,000 listed in the Notice.

6.   **What does the Settlement provide?**

   a.   **What is the Settlement Fund?**

The proposed Settlement provides for a Settlement Fund of forty-eight million seven hundred fifty thousand dollars ($48,750,000), which was paid by certain Defendants and their Insurers. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees and reimbursement of reasonable litigation expenses to Plaintiffs' Counsel in an amount not to exceed $475,000, and any Award to Plaintiffs in an amount not to exceed $15,000. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing the Notice, this Supplemental Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who have submitted timely, valid claims, according to the Plan of Allocation to be approved by the Court. The Settlement Fund shall include all interest earned by the Settlement Fund from the time Final Judgment is entered by the Court.

   b.   **What can you expect to receive under the proposed Settlement?**

EXHIBIT C

Your share of the Net Settlement Fund will or may depend on: (i) the number of valid claims filed and the amounts of those claims; (ii) the dates you purchased and sold Global Common Stock; (iii) the prices of your purchases and sales; and (iv) the number of shares of Global Common Stock you purchased.

The Claims Administrator will calculate the amount of your Recognized Loss in accordance with the formula shown in the Plan of Allocation and determine the *pro rata* share of the Net Settlement Fund of each Settlement Class Member who submitted a valid claim based upon such Settlement Class Member's valid Recognized Loss. The payment you receive will reflect your Recognized Loss in relation to the Recognized Losses of all Persons submitting valid Proof of Claim forms. The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member with valid claims might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members with valid claims pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who timely submitted a Proof of Claim and whose claims for recovery are determined to be valid by the Claims Administrator pursuant to the terms of the Stipulation, as modified by the Settlement Modification Agreement, or by order of the Court under the Plan of Allocation. The Plan of Allocation is contained in the Notice. Settlement Class Members who have failed to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

7.    **How will the lawyers be paid?**

Plaintiffs' Counsel have expended considerable time litigating this Action on a contingent fee basis, and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Plaintiffs'

EXHIBIT C

Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Plaintiffs' Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Plaintiffs' Lead Counsel Abraham, Fruchter & Twersky, LLP, One Penn Plaza, Suite 2805, New York, NY 10119, will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees, on behalf of all Plaintiffs' Counsel, in an amount not to exceed 25% of the Settlement Amount ($12,187,500).  At the same time, Lead Counsel also intends to apply to the Court for reimbursement of litigation expenses paid or incurred of no more than $475,000 and may apply for an Award to Plaintiffs collectively not to exceed $15,000 for the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Settlement Class. The attorneys' fees and reimbursement of expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.  Settlement Class Members are not personally responsible for any such fees or expenses.  The Court will determine what counsel should receive from the Settlement Fund for fees and reimbursement of expenses and any Award to Plaintiffs, and may award less than the amounts requested.

8. **How do I tell the Court that I do not like the Settlement?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of expenses and application for an Award to Plaintiffs, and that you think the Court should not approve the Settlement, by mailing a letter (and any other papers or briefs) stating that you object to the Settlement in the matter of *In re TerraForm Global, Inc. Securities Litigation*, 1:16-cv-07967-PKC (S.D.N.Y.), showing due proof of service upon counsel identified below, to the Clerk of the Court, U.S. District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007. To be valid, any such objection must contain (1) your name, address, and telephone number, (2) a list of all purchases and sales of Global Common Stock in order to show your membership in the Settlement Class, and a copy of the timely

EXHIBIT C

Proof of Claim submitted to the Claims Administrator,  (3) all grounds for the objection, including any legal and evidentiary support known to you or your counsel, (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection, and (5) the number of times you and/or your counsel has filed, authorized or approved an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary, but Persons wishing to be heard orally at the Settlement Hearing in opposition to approval of the Settlement, the Plan of Allocation, Plaintiffs' Counsel's motion for attorneys' fees and reimbursement of expenses and application for an Award to Plaintiffs are required to indicate in their written objection that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs, showing due proof of service upon counsel identified below, to **each** of the addresses listed below, to be received no later than _____, 2019:

| Clerk of the Court United States District Court Southern District of New York 500 Pearl Street New York, NY 10007 | **PLAINTIFFS' COUNSEL:**<br><br>Jack G. Fruchter ABRAHAM, FRUCHTER & TWERSKY, LLP One Penn Plaza, Suite 2805 New York, NY 10119 | **COUNSEL FOR DEFENDANT TERRAFORM GLOBAL, INC.:**<br><br>Michael G. Bongiorno, Esq. WILMER CUTLER PICKERING HALE AND DORR LLP 7 World Trade Center 250 Greenwich Street New York, New York 10007<br><br>**COUNSEL FOR DEFENDANTS AHMAD CHATILA, JEREMY AVENIER, MARTIN TRUONG, AND BRIAN WUEBBELS:**<br><br>Sara B. Brody |

EXHIBIT C

| | | |
|---|---|---|
| | | SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000<br>San Francisco, California 94104<br><br>**COUNSEL FOR THE<br>UNDERWRITER<br>DEFENDANTS:**<br><br>Adam S. Hakki<br>Daniel C. Lewis<br>SHEARMAN & STERLING<br>LLP<br>599 Lexington Avenue<br>New York, NY 10022-6069<br><br><br>**COUNSEL FOR<br>DEFENDANT CARLOS<br>DOMENECH ZORNOZA:**<br><br>Kevin J. O'Connor<br>HINCKLEY ALLEN &<br>SNYDER LLP<br>28 State Street<br>Boston, MA 02109 |

Any Purported Claimant who does not object in the manner prescribed above shall: (i) be deemed to have waived all such objections; (ii) forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; (iii) be bound by all the terms and provisions of the Stipulation, and by all proceedings, orders and judgments in the Action; and (iv) be foreclosed from appealing from any judgment or order entered in this Action.

9. **When and where will the Court decide whether to approve the Settlement?**
The Court will hold a Settlement Hearing on _____, 2019, at __:__ _.m., at the United States District Court, Southern District of New York, 500 Pearl Street, Courtroom 11D, New York, New York 10007.

EXHIBIT C

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide whether to approve the Plan of Allocation and how much to pay Plaintiffs' Counsel for attorneys' fees and for the reimbursement of expenses and how much to award Plaintiffs. The Court may move the date and/or time of the Settlement Hearing to a later date and/or time without further written notice to you. The Court may also approve revisions to the terms of the Settlement, agreed on by the Settling Parties, without further notice to you.

**10.    Do I have to come to the hearing?**

No. Plaintiffs' Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary to do so.

**11.    Are There More Details About the Settlement?**

This Supplemental Notice summarizes the modifications to the proposed Settlement. The Notice contains additional details about the Action and the proposed Settlement, including the Plan of Allocation. Other information is contained in the Stipulation and the Settlement Modification Agreement, which modifies the Stipulation. You can obtain a copy of the Stipulation, Settlement Modification Agreement and Notice or more information about the Settlement by visiting www.TerraFormGlobalLitigationSettlement.com or by contacting the Claims Administrator or Lead Counsel, as follows:

In re TerraForm Global, Inc. Litigation
c/o Epiq
P.O. Box 10539
Dublin, Ohio 43017-4539
(888) 684-5070
or
Abraham, Fruchter & Twersky, LLP
One Penn Plaza, Suite 2805
New York, NY 10119

EXHIBIT C

Tel: (212) 279-5050
Fax: (212) 279-3655


You can also obtain copies from the Clerk's office during regular business hours:

Clerk of the Court
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

**DO NOT TELEPHONE THE COURT REGARDING THIS SUPPLEMENTAL NOTICE**


DATED: _____ _____

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK