UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DEUTSCHE BANK SECURITIES, INC.,

                    Appellant,                    16-md-2742 (PKC)
                                                      19-cv-5630 (PKC)

                    -against-                    OPINION AND ORDER

SESL RECOVERY, LLC,

                    Appellee.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Deutsche Bank Securities, Inc. ("Deutsche Bank") appeals from an Order of the United States Bankruptcy Court for the Southern District of New York that remanded this action to California state court for lack of subject matter jurisdiction. The Remand Order issued on June 3, 2019, and the Clerk of the Bankruptcy Court mailed a certified copy of that Order to the California Superior Court, San Francisco County, on June 11, 2019. Deutsche Bank did not seek a stay or other emergency relief, and filed a notice of appeal on June 13, 2019. On June 14, 2019, the California court docketed an Acknowledgement of Receipt for the Remand Order. SESL Recovery, LLC v. Deutsche Bank Securities, Inc., CGC-18-572159 (Cal. Super. Ct. San Francisco County).

        For the reasons that will be explained, the mailing of a certified copy of the Remand Order ended federal jurisdiction over the case. Deutsche Bank's appeal will therefore be dismissed.

        On December 17, 2018, SESL Recovery, LLC ("SESL") commenced an action in California state court, alleging that Deutsche Bank fraudulently misled lenders into loaning

$725,000,000 to SunEdison, Inc. ("SunEdison") through a second-lien facility. See SESL Recovery, LLC v. Deutsche Bank Securities, Inc., 19 Civ. 3286 (PKC) (Docket # 1). On January 7, 2019, Deutsche Bank timely removed the action to the United States District Court for the Northern District of California, asserting federal subject matter jurisdiction under 28 U.S.C. § 1452(a), on the grounds that the claims were "related to" the federal bankruptcy proceedings in In re SunEdison, Inc., 16-10992 (SMB) (Bankr. S.D.N.Y.). (Id.)[1]

On or about April 10, 2018, the Judicial Panel on Multidistrict Litigation transferred the action to the undersigned for coordination and consolidation as part of In re SunEdison, Inc., Securities Litigation, 16 md 2742 (PKC). See SESL Recovery, LLC v. Deutsche Bank Securities, Inc., 19 Civ. 3286 (PKC) (Docket # 41, 43, 44). Pursuant to the Amended Standing Order of Reference of Chief Judge Loretta A. Preska, 12 Misc. 32 (Feb. 1, 2012), the undersigned referred the case to the United States Bankruptcy Court for the Southern District of New York for consideration with the bankruptcy proceedings of In re SunEdison, Inc., 16-10992 (SMB).

SunEdison had previously filed a voluntary petition for bankruptcy relief under chapter 11 of the Bankruptcy Code. Prior to the commencement of SESL's action, the Bankruptcy Court had confirmed SunEdison's plan of reorganization, with the plan becoming effective on December 29, 2017. See In re SunEdison, Inc., No. 16-10992 (SMB). In the Bankruptcy Court, SESL filed a motion to remand the case for lack of "related to" bankruptcy jurisdiction, and Deutsche Bank opposed the motion. See SESL Recover, LLC v. Deutsche Bank Securities Inc., 19-1121 (SMB). On May 16, 2019, the Hon. Stuart M. Bernstein, who

---

[1] The Notice of Removal also asserted diversity of citizenship, but Deutsche Bank later abandoned that assertion. (See SESL Recovery, LLC v. Deutsche Bank Securities, Inc., 19-1121 (Bankr. S.D.N.Y.) (SMB) (Docket # 18 at 5).)

presided over the SunEdison bankruptcy proceedings, held a hearing on SESL's remand motion, and, at its conclusion, granted the motion to remand for lack of "related to" subject matter jurisdiction, 28 U.S.C. § 1452(a). (Id. Docket # 18.) Judge Bernstein explained his reasoning on the record, stating that the confirmation of SunEdison's plan of reorganization "shrinks" bankruptcy jurisdiction under section 1452(a), and concluding that the reorganization plan had "no bearing" on the dispute between SESL and Deutsche Bank. (Id. at 25-27.) He therefore concluded that there was no subject matter jurisdiction under section 1452(a). (Id. at 27, 30 ("the pendency of this litigation's outcome will have absolutely no effect on the administration of the SunEdison estate, which no longer exists.").)

Judge Bernstein's bench ruling of May 16 was reduced to a written Order of June 3, 2019, remanding the case to California state court. (19-1121, Docket # 17.) The Order stated, "For the reasons set forth in the Court's decision, as stated on the record on May 16, 2019, the above-captioned action is hereby REMANDED to California State Court." (Id.) On June 11, 2019, the Bankruptcy Clerk of Court mailed a letter to the Superior Court of California, County of San Francisco, stating that the action was remanded, and attaching certified copies of the Remand Order and the docket. (Id. Docket # 19.) A June 14, 2019 filing on the docket of the Superior Court acknowledged receipt of the Order. SESL Recovery, LLC v. Deutsche Bank Securities, Inc., CGC-18-572159 (Cal. Super. Ct. San Francisco County). On June 25, 2019, the Clerk of the Bankruptcy Court filed a Notice stating that "the above captioned adversary proceeding has been transferred" to the California Superior Court, listing the courthouse address and advising, "All documents and pleading must be filed at the new address, using the new case number." (19-1121, Docket # 24.)

Two sections of the federal code are relevant to review of the Remand Order and federal jurisdiction over this case: 28 U.S.C. § 1447(c) and (d), and 28 U.S.C. § 1452(b).

First, 28 U.S.C. § 1452(b) governs review of an order to remand an action removed to federal court on grounds of federal bankruptcy jurisdiction. It provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals . . . ." Id.

Separately, section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." 28 U.S.C. § 1447(c). Subject to exceptions not applicable here, [2] "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." Id. § 1447(d). "Congress's purpose in thus limiting the ability of federal courts to review orders remanding cases to state court was 'to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues.'" Shapiro v. Logistec USA, Inc., 412 F.3d 307, 310 (2d Cir. 2005) (quoting Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351 (1976)). Remand orders premised on lack of federal subject matter jurisdiction "are non-reviewable even if erroneous." Id. The bar to reviewability does not just preclude appellate review "but also reconsideration by the district court." Id. at 311.

---

[2] Exceptions to the bar against review include actions that were removed from state court because they involved civil lawsuits or criminal prosecutions against federal officers or agencies, 28 U.S.C. § 1442, and civil rights cases, 28 U.S.C. § 1443. 28 U.S.C. § 1447(d).

In <u>Things Remembered, Inc. v. Petrarca</u>, 516 U.S. 124 (1995), the Supreme Court discussed an appellate court's authority to review a district court's order remanding a case to state court for lack of federal bankruptcy jurisdiction. A bankruptcy court had concluded that removal was properly effectuated and that it had jurisdiction; the district court disagreed, concluded that removal was untimely, and reversed <u>Id.</u> at 126-27. The Sixth Circuit held that sections 1447(d) and 1452(b) barred it from reviewing the district court's decision, and dismissed the appeal for lack of jurisdiction. <u>Id.</u> at 127.

The Supreme Court affirmed, relying on section 1447(d). <u>Id.</u> at 128-29. It explained that section 1447(d) precludes appellate review "of any order 'remanding a case to the State court from which it was removed.'" <u>Id.</u> at 128. "There is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy. Nor is there any reason to infer from § 1447(d) that Congress intended to exclude bankruptcy cases from its coverage. The fact that § 1452 contains its own provision governing certain types of remands in bankruptcy, <u>see</u> § 1452(b) (authorizing remand on 'any equitable ground' and precluding appellate review of any decision to remand or not to remand on this basis), does not change our conclusion." <u>Id.</u> at 129. "If an order remands a bankruptcy case to state court because of a . . . lack of subject-matter jurisdiction, then a court of appeals lacks jurisdiction to review that order under § 1447(d), regardless of whether the case was removed under § 1441(a) or § 1452(a)." <u>Id.</u>

Deutsche Bank notes that <u>Things Remembered</u> decided an appellate court's authority to review the order of a district court, and did not address a district court's authority to review the remand order of a bankruptcy court. (Reply at 8-10.) It urges that, pursuant to <u>Northern Pipeline Construction Co. v. Marathon Pipe Line Co.</u>, 458 U.S. 50, 74 (1982), it is an

impermissible delegation of Article III power for a bankruptcy court to have final say on subject matter jurisdiction, with no possibility of review by an Article III court.

In this instance, the Court need not decide whether a district court may review a bankruptcy court's remand for lack of subject matter jurisdiction. Compare In re Caesars Entm't Operating Co., Inc., 588 B.R. 233, 240 (B.A.P. 9th Cir. 2018) ("a remand order that is based on the grounds set forth in 28 U.S.C. § 1447(c) is not reviewable, period.") with In re SBMC Healthcare, LLC, 547 B.R. 661, 675 (S.D. Tex. 2016) ("Courts that have interpreted Things Remembered as precluding district courts from reviewing bankruptcy court remand orders also overlook the fact that their interpretation impermissibly deprives Article III district courts of the right to oversee Article I bankruptcy courts.").

That is because, in this case, a certified copy of the Remand Order was mailed to the California Superior Court on June 11, 2019. (19-1121, Docket # 19.) That mailing is significant because "[s]ection 1447(d) establishes that once a section 1447(c) remand order has been mailed to the state court pursuant to the latter section, federal jurisdiction is at an end." Shapiro, 412 F.3d at 312. The statute "creates legal significance in the mailing of a certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction." Id. (quotation marks omitted); see also Wachtel & Masyr, LLP v. Brand Progression, LLC, 2013 WL 93167, at *1 (S.D.N.Y. Jan. 7, 2013) (district court lacked jurisdiction to reconsider remand for lack of subject matter jurisdiction once certified copies of the remand order and docket entries were sent to state court) (Swain, J.); In re Oxycontin Antitrust Litig., 2011 WL 4801360, at *1 (S.D.N.Y. Oct. 6, 2011) ("In this case, once the Clerk of Court mailed a certified copy of the remand order to the state court, this Court was without authority to act on a motion in the case.") (Stein, J.); Santos v. Inter Trans Ins. Servs., Inc., 2008

WL 754690, at *1 (S.D.N.Y. Mar. 13, 2008) ("The Court was divested of jurisdiction when the Clerk of Court mailed the remand order to the state court.") (Fox, M.J.); Correa v. YRC Worldwide Inc., 2019 WL 3714792, at *1 (E.D.N.Y. June 28, 2019) ("[C]ertified copies of Judge Amon's remand order were mailed to state court on April 16, 2019.  Now that this action has been returned to state court, this court has no power to retrieve it.") (quotation marks omitted), R&R adopted 2019 WL 5693799 (E.D.N.Y. July 22, 2019); Valente v. Garrison From Harrison LLC, 2016 WL 126375, at *1 (E.D.N.Y. Jan. 11, 2016) ("it is the mailing of a certified remand order to the state court that establishes 'the time at which the district court is divested of jurisdiction.'") (Irizarry, J.) (quoting Shapiro, 412 F.3d at 312); Myers v. Sara Lee Corp., 2009 WL 1373578, at *1 (E.D.N.Y. May 15, 2009) (court lacked jurisdiction to entertain a motion for reconsideration filed seven days after remand order was mailed to state court) (Matsumoto, J.).

Here, federal jurisdiction terminated when a certified copy of the Remand Order was mailed to the Clerk of the California Superior Court, San Francisco County.  Deutsche Bank did not make an application to continue federal jurisdiction pending review of the Bankruptcy Court's order.  It filed a Notice of Appeal two days after the Remand Order was mailed.  By that time, federal jurisdiction had already been divested, and resided in California state court.  "Now that this action has been returned to state court, this court has no power to retrieve it."  Correa, 2019 WL 3714792, at *1.

In its reply memorandum, Deutsche Bank states that it did not seek a stay based on a "suggestion" of the Bankruptcy Court, and its own desire to avoid "complicat[ing] these proceedings unnecessarily."  (Reply Mem. 4.)  Counsel to Deutsche Bank observed to the Bankruptcy Court that 28 U.S.C. § 1447 may not allow for district court review, and stated, "Well, Your Honor, we would like Your Honor to enter your order as proposed findings so that

we don't have to worry about that issue . . . ." (5/30/19 Tr. at 5.)  Counsel stated, "they may have an argument that we can't – we cannot have the district court review that decision because it wasn't entered under 1452(b), it was entered under 1447.  Whereas, if it's an objection to proposed findings and recommendations –" (Id. at 6.)  Judge Bernstein rejected Deutsche Bank's request, stating, "I'm just inclined to sign an order that says the case is remanded. . . . [W]e could go through a stay pending appeal and all that other stuff, but let him file his notice of appeal.  I'll enter a final order, and then we'll just deal with it the way we deal with all final orders." (Id. at 10.)

Deutsche Bank is represented by sophisticated counsel, whose arguments to the Bankruptcy Court demonstrated familiarity with section 1447 and the possible jurisdictional complications of an appeal.  Its rationale for not seeking a stay of the Remand Order does not restore federal jurisdiction.

CONCLUSION.

Considerations of federalism and the harmonious interaction of state and federal courts counsel in favor of this Court's interpretation of section 1447.  Deutsche Bank could have sought a stay of remand which, if successful prior to the moment of remand, would have permitted appellate review by this Court.  There is no cause for sympathy, particularly when Deutsche Bank had Judge Bernstein's bench ruling on May 16, 26 days before the case was remanded.

Federal jurisdiction over this case was terminated when the Clerk of the Bankruptcy Court mailed a certified copy of the Remand Order on June 11, 2019.  Deutsche Bank's appeal is therefore dismissed.  The Clerk is directed to close Deutsche Bank Securities, Inc. v. SESL Recovery, LLC, 19-cv-5630 (PKC).

SO ORDERED.

_P. Kevin Castel_
P. Kevin Castel
United States District Judge

Dated: New York, New York
       February 12, 2020