UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CARLOS DOMENECH ZORNOZA,

                               Plaintiff,

                      -against-

TERRAFORM GLOBAL, INC., et al.,

                               Defendants.
-----------------------------------------------------------------x

16-md-2742 (PKC)
18-cv-11617 (PKC)

ORDER ON SEALING

CASTEL, U.S.D.J.

        Defendants move for leave to maintain under seal paragraphs 143 to 146 of plaintiff's Local Civil Rule 56.1 counterstatement and the defendants' responses to those paragraphs. (ECF 151, 164.) The sealed contents summarize and quote a report (the "Report") that was prepared by the law firm Kirkland & Ellis for the board of directors of non-party SunEdison, Inc. in connection with allegations raised by SunEdison employees in late 2015. The Court provisionally granted an earlier motion to seal limited portions of submissions with similar contents. (ECF 143.)

        There is no dispute that the sealed materials are judicial documents afforded the highest presumption of public access. See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). However, the movants urge that the protections afforded to attorney work product and the attorney-client privilege outweigh the presumption of public access to judicial documents. (See ECF 137.) SunEdison's general counsel states that the report was made in anticipation of potential litigation against SunEdison and contains legal advice from

Kirkland & Ellis. (Ringhofer Dec. ¶ 3.) The Report was later produced to plaintiffs in the In re: SunEdison securities class action pursuant to a protective order and to the plaintiff in this action. (Id. ¶¶ 4-5.) The Report contains legal advice about potential employment-law claims and defenses, other possible litigation liabilities, and proposed strategies. (Id. Ex. A.) Paragraphs 143 to 147 quote from portions of the Report that contain legal advice to the SunEdison board.

The Court concludes that paragraphs 143 to 146 of plaintiff's Rule 56.1 counterstatement reflect attorney work product that was prepared in anticipation of litigation, as well as legal advice from Kirkland and Ellis to the SunEdison board of directors. The Court concludes that, in this instance, the protections afforded to attorney work product and the attorney-client privilege outweigh the presumption of public access. See Lugosch, 435 F.3d 125 (the attorney-client privilege can be "a compelling reason" to withhold a judicial document from public access).

Accordingly, the motion to partially maintain under seal the filings at ECF 151 and 164 is GRANTED, and the Clerk is respectfully directed to terminate the letter-motion. (ECF 162.)

SO ORDERED.

*/s/ P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 7, 2023