UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SUNEDISON, INC. SECURITIES LITIGATION<br><br>This Document Applies To:<br><br>*In re TerraForm Global, Inc. Securities Litigation*, No. 1:16-cv-07967-PKC, and consolidated cases | No. 1:16-md-02742 (PKC) |

## [PROPOSED] ORDER AUTHORIZING SECOND DISTRIBUTION OF THE NET SETTLEMENT FUND

WHEREAS, by its Order dated September 27, 2021 (ECF No. 751), this Court approved an Order Authorizing Distribution of the Net Settlement Fund (the "Distribution Order") providing for distribution of the Net Settlement Fund to those Class Members who submitted valid Proofs of Claim, and were found to be Authorized Claimants, in the above-captioned class action (the "Action");[1] and

WHEREAS, pursuant to the Court's Distribution Order, as revised on May 24, 2022 (the "Revised Distribution Order"; ECF No. 755), the Court-appointed Claims Administrator, Epiq

---

[1] The Action refers to *In re TerraForm Global, Inc. Securities Litigation*, No. 1:16-cv-07967-PKC, and consolidated cases. Unless otherwise defined, all capitalized terms used herein have the meanings as set forth in the Stipulation and Agreement of Settlement (the "Stipulation") filed with the Court (ECF No. 265), as modified by the Settlement Modification Agreement dated September 19, 2019 (ECF No. 659-1), or as set forth in the Settlement Modification Agreement, or in the Notice of Pendency and Proposed Settlement of Class Action (ECF No. 315-1, Exhibit A). References to "ECF No." are to the docket for *In re: SunEdison, Inc. Sec. Litig.*, No. 1:16-md-02742 (PKC) (S.D.N.Y.).

Group ("Epiq" or the "Claims Administrator"), conducted a disbursement of the Net Settlement Fund to Authorized Claimants on June 21, 2022 (the "Initial Distribution"); and

WHEREAS, after the Initial Distribution, Epiq reports that it monitored the status of all checks issued, and implemented a campaign by email and telephone to follow-up with the Authorized Claimants whose checks were initially uncashed, either because they were returned to Epiq as undeliverable or because the Authorized Claimant simply had not cashed the check (ECF No. 764, Exhibit A, ¶4); and

WHEREAS, after performing its comprehensive outreach program and reissuing checks to Authorized Claimants for whom outreach was successful, as of September 17, 2024, 99% of the amount distributed in the Initial Distribution, has been cashed by or successfully wired to Authorized Claimants, and $251,478.85 remains in the Net Settlement Fund from uncashed or returned awards from closed accounts and the amount held in reserve (ECF No. 764, Exhibit A, ¶5); and

WHEREAS, Epiq represents that it has unpaid fees and expenses for its work through August 31, 2024 and its estimate of fees and expenses to complete a second distribution of the Net Settlement Fund, total $80,915.98 (ECF No. 764, Exhibit A, ¶9); and

WHEREAS, Lead Counsel now seeks authorization to have Epiq conduct a second distribution and distribute the funds remaining in the Net Settlement Fund to Authorized Claimants, pursuant to the Plan of Allocation, after deduction of any taxes, fees and expenses previously approved by the Court or approved by this Order; and

WHEREAS, the Court has retained jurisdiction of this Action and all parties for the purpose of considering any further application or matter which may arise in connection with this Action;

NOW, THEREFORE, upon reading and filing of: (1) Lead Plaintiff's Letter-Motion for a second distribution of the Net Settlement Fund (ECF No. 764); (2) the Declaration of Jordan Broker

in Support of a Second Distribution of the Net Settlement Fund ("Broker Declaration"), a copy of which is attached as Exhibit A to the Letter-Motion (ECF No. 764, Exhibit A); and (3) upon all prior proceedings heretofore, and after due deliberation,

IT IS HEREBY ORDERED that:

1. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action including all Class Members.

2. Lead Plaintiff's request that the Claims Administrator proceeds with a second distribution of the Net Settlement Fund to Authorized Claimants is APPROVED. Accordingly:

(a) Epiq is directed to conduct a second distribution of the Net Settlement Fund as calculated under the Plan of Allocation, after deducting the payments approved by this Order, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees;

(b) In order to encourage Authorized Claimants to cash their distribution checks promptly and to avoid or reduce future expenses relating to uncashed checks, all distribution checks shall bear the following notation: "CASH PROMPTLY; VOID IF NOT CASHED WITHIN 120 DAYS." The Claims Administrator is authorized to take appropriate action to locate and/or contact any Authorized Claimant who fails to cash their distribution checks; and

(c) The Claims Administrator's fees and expenses of $80,915.98 incurred in connection with the administration of the Settlement and estimated to be incurred in connection with the second distribution of the Net Settlement Fund, as provided in the Broker Declaration, are approved, and Lead Plaintiff is directed to have that amount paid to Epiq from the Net Settlement Fund.

3. This Court retains jurisdiction over this Action and all parties hereto and any further application or matter which may arise in connection with this Action.

IT IS SO ORDERED
this 23rd day of October, 2024

_____
Honorable P. Kevin Castel
United States District Judge