

ABRAHAM, FRUCHTER & TWERSKY, LLP

June 30, 2026

*Application approved and granted. The Clerk shall terminate ECF 768.*

*SO ORDERED*

*[signature]*
*USDJ*
*7-16-26*

**By ECF Filing**

Hon. P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007-1312

     Re: *In re SunEdison, Inc. Securities Litigation*, No. 1:16-md-2742-PKC
       (S.D.N.Y.); *In re Terraform Global, Inc. Sec. Litig.*, No. 16-cv-07967-PKC
       (S.D.N.Y.) (the "Class Action")

Dear Judge Castel:

   We are Lead Counsel for Plaintiffs in the above-referenced Class Action and submit this letter-motion, pursuant to Local Civil Rule 7.1(e), to inform the Court that the second distribution of the Net Settlement Fund, created by the Settlement of the Class Action, was completed, as ordered by the Court (ECF No. 767; Second Distribution Order), and to seek, respectfully, the Court's consideration of the Claims Administrator's request for the payment of its outstanding invoices for its fees and expenses, and to request, thereafter, the donation of the remaining funds in the Net Settlement Fund to the Legal Aid Society of New York City, Citymeals-on-Wheels, and St. John's University School of Law's Securities Arbitration Clinic, as approved by the Court in connection with the initial distribution of the Net Settlement Fund. *See* Order Authorizing Distribution of the Net Settlement Fund ("Distribution Order") ECF No. 751, ¶3(e).[1]

   The Distribution Order provided for distribution of the Net Settlement Fund to those Class Members who submitted valid Proofs of Claim and were found to be Authorized Claimants, as determined by the Court-appointed Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq").[2] ECF No. 751. That Order further provided that the Court would retain jurisdiction over any further application or matter that may arise in connection with this Class Action. ECF No. 751 at 6. The Distribution Order was subsequently revised on May 24,

---

[1] Unless otherwise defined, all capitalized terms used herein have the meanings as set forth in the Stipulation and Agreement of Settlement (the "Stipulation") filed with the Court (ECF No. 265), as modified by the Settlement Modification Agreement dated September 19, 2019 (ECF No. 659-1), or as set forth in the Settlement Modification Agreement, or in the Notice of Pendency and Proposed Settlement of Class Action (ECF No. 315-1, Exhibit A). References to "ECF No." are to the docket for *In re:SunEdison, Inc. Sec. Litig.*, No. 1:16-md-02742 (PKC) (S.D.N.Y.).

[2] Pursuant to the Court's December 19, 2017 Order Granting Lead Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (ECF No. 269), Garden City Group, LLC ("GCG") was appointed as the Claims Administrator in connection with the proposed Settlement of the above-captioned Class Action. GCG was acquired by Epiq on June 15, 2018 and has continued operations as part of Epiq.

---

NEW YORK tel: 212.279.5050 fax: 212.279.3655   CALIFORNIA tel: 310.279.5125 fax: 212.279.3655   **aftlaw.com**
450 Seventh Avenue, 38ᵗʰ Floor, New York, NY 10123  9440 Santa Monica Blvd., Suite 301, Beverly Hills, CA 90210

Case 1:16-md-02742-PKC    Document 768    Filed 06/30/26    Page 2 of 3

Hon. P. Kevin Castel
June 30, 2026
Page 2 of 3

2022 (the "Revised Distribution Order"; ECF No. 755) and, as revised, directed by the Court to proceed. Epiq conducted a disbursement of the Net Settlement Fund to Authorized Claimants (the "Initial Distribution") on June 21, 2022. Pursuant to the Revised Distribution Order, a total of 2,851 claims were distributed via check or wire totaling $35,687,071.15. *See* Declaration of Jordan Broker in Support of a Second Distribution of the Net Settlement Fund, ¶3. ECF No. 764, Exhibit A.

On October 23, 2024, this Court ordered that the second distribution of the Net Settlement Fund was to proceed. ECF No. 767. Epiq has informed Lead Counsel that the second distribution was conducted and the funds remaining in the Net Settlement Fund at that time were distributed to those claimants who were determined to be Authorized Claimants, and who received and cashed a distribution check from the initial distribution of the Net Settlement Fund and would receive at least $20.00 in connection with a second distribution. *See* Declaration of Jordan Broker in Support of Distributing the Remainder of the Net Settlement Fund ("Broker Remainder Decl."), a copy of which is attached hereto as Exhibit A.

Epiq further informs Lead Counsel that after the second distribution of the Net Settlement Fund occurred, it conducted an outreach effort to those recipients who did not cash the checks sent to them in connection with the second distribution in an effort to determine if the recipient had a new address and/or if the check was received and issued new checks if necessary and encouraged recipients to cash their checks. The uncashed checks are now beyond the date they can be cashed, and none of those recipients has contacted Epiq to request that a check be re-issued. In addition, certain payments sent by wire were returned as either unwanted or were for clients of brokerages who had closed their accounts and could not be located. Epiq further states that it has exhausted all reasonable efforts to contact those Authorized Claimants whose checks were not cashed to have them cash those checks or whose wire payments were returned. Broker Remainder Decl., ¶5.

As of June 24, 2026, $17,796.38 remained in the Net Settlement Fund from uncashed or returned checks sent to Authorized Claimants that are no longer valid or from returned wire payments. Epiq represents that it has unpaid fees and expenses for its work, which total $8,065.99. Accordingly, Epiq respectfully requests that the Court approves payment to it of $8,065.99 from the Net Settlement Fund. Broker Remainder Decl., ¶¶6-7. A copy of Epiq's unpaid invoices are attached to the Broker Remainder Decl. as Exhibit 1.

In addition, pursuant to the Distribution Order, Lead Counsel and Epiq consulted and determined that a further distribution of the Net Settlement Fund is not feasible and that if the Court approves Epiq's request for payment of its outstanding fees and expenses, the balance remaining in the Net Settlement Fund should be donated, pursuant to the cy pres doctrine, to Citymeals-on-Wheels, the Legal Aid Society of New York City, and St. John's University School of Law's Securities Arbitration Clinic, as provided in the Distribution Order. Distribution Order, ECF No. 751 at 4; Broker Remainder Decl., ¶¶8-10.

Accordingly, Lead Counsel and Lead Plaintiff respectively request that the Court approve of the payment of $8,065.99 to Epiq, and that the remaining balance in the Net Settlement Fund



Case 1:16-md-02742-PKC   Document 768   Filed 06/30/26   Page 3 of 3

Hon. P. Kevin Castel
June 30, 2026
Page 3 of 3

be donated as indicated. If the Court approves, Lead Counsel will direct Epiq to carry out the Court's instructions and then close the Net Settlement Fund account.

Plaintiffs are available at the Court's convenience to address any of the issues

.

Respectfully submitted,

Lawrence D. Levit

cc: All counsel of Record (by ECF)